**AERO–MAYFLOWER TRANSIT COMPANY, Inc.,** an Indiana corporation, Bekins Van Lines Co., a Nebraska corporation, Global Van Lines, Inc., a Texas corporation, Lyon Van Lines, Inc., a California corporation, National Van Lines, Inc., an Illinois corporation, North American Van Lines, Inc., an Indiana corporation and United Van Lines, Inc., a Missouri corporation, Plaintiffs,

v.

**UNITED STATES** of America and Interstate Commerce Commission, Defendants,

and

**T.E.K.** Van Lines, Inc., a California corporation, Trans-American Van Service, Inc., an Illinois corporation, Engel Bros., Inc., a New Jersey corporation, and Kings Van & Storage, Inc., an Oklahoma corporation, Intervening Defendants.

Civ. No. 62–216.

United States District Court
S. D. California,
Central Division.

Aug. 21, 1962.

James L. Beattey, Indianapolis, Ind., LaTourette & Rebman, St. Louis, Mo., Knapp, Gill, Hibbert & Stevens and Warren N. Grossman, Los Angeles, Cal., for plaintiffs.

Lee Loevinger, Asst. Atty. Gen., Robert W. Ginnane, Gen. Counsel, Fritz R. Kahn, Asst. Gen. Counsel, Interstate Commerce Commission, George R. Kucik, Atty., Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., James R. Dooley, Donald A. Fareed, Asst. U. S. Attys., Los Angles, Cal., for defendants.

Tuttle & Taylor and William A. Norris, Los Angeles, Cal., Rice, Carpenter & Carraway and John C. Bradley, Washington, D. C., for intervenors.

Before BARNES, Circuit Judge, and MATHES and ROSS, District Judges.

PER CURIAM.

This is an action to review and annul two orders of the Interstate Commerce Commission entered on May 12 and December 26, 1961, in its Docket No. MC–11,9049, granting T.E.K. Van Lines, Inc.'s application of July 10, 1959, under § 207 of the Interstate Commerce Act [49 U.S.C.A. § 307], to operate as a common carrier by motor vehicle over irregular routes in the transportation of "household goods" between points in Arizona, California, Idaho, Oregon, Utah and Washington, and between points in those States and points in Colorado, Louisiana, Missouri, Montana, New Mexico, Texas and Wyoming [T.E.K. Van Lines, Inc., Common Carrier Application, 86 M. C.C. 139 (1961)].

Jurisdiction of this Court is invoked under 49 U.S.C.A. §§ 17(9) and 305(g), 28 U.S.C. §§ 1336, 1398, 2284, 2321–2325, and 5 U.S.C.A. § 1009.

The material facts are not in dispute, and it would serve no useful purpose to recount them here, other than to say that the orders under attack presage for plaintiffs a new competitor in the business of "nationwide" and "coast-to-coast" transportation of "household goods". [See Movers' Conf. of America v. United States, 205 F.Supp. 82 (S.D.Cal.1962).]

Plaintiffs' application to enjoin the Commission *pendente lite* from issuing a certificate of convenience and necessity in accordance with the challenged orders was denied at the outset of this proceeding, since it appeared to us interlocutorily that no prospect of irreparable injury to plaintiffs could be shown, beyond a possible loss of some trade which might be suffered by plaintiffs, if T.E.K. should proceed to operate under the certificate before the case could be determined upon the merits. We therefore concluded, upon balance of probable detriment and inconvenience which would result, that the equities opposed the granting of a preliminary injunction. [See Railway Express Agency, Inc. v. United States, Interstate Commerce Commission and United Parcel Service, by Harlan, J., 82 S.Ct. 466, 7 L.Ed. 432 (1962).]

Briefly stated, plaintiffs' contentions here are that the Commission erred: (1) "in certificating a new carrier service absent probative evidence that the services and abilities of present carriers are deficient or inadequate, (2) in certificating a new carrier service without probative evidence reflecting a need for the service between the points so certificated, and (3) in making and relying upon evidentiary findings contrary to the record evidence".

Turning to the first contention, adequacy of the "services and abilities of present carriers" is only one phase of the problem that confronted the Commission. [Cf. I. C. C. v. J-T Transport Co., 368 U.S. 81, 88, 82 S.Ct. 204, 7 L.Ed. 2d 147 (1961).] Subject to the restrictions of § 210 as to "dual operation", §

207 declares that "a certificate shall be issued to any qualified applicant therefor * * * if it is found * * * that the proposed service * * * is or will be required by the present or future public convenience and necessity * * *." [49 U.S.C.A. § 307; and see id. § 310.]

Such a finding, the Court observed in United States v. Detroit, etc. Navigation Co., 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38 (1945), "entails a prophecy so far as future requirements are concerned. * * * If the Commission were required to deny these applications unless it found an actual inability on the part of existing carriers to acquire the facilities necessary for future transportation needs, a limitation would be imposed on the power of the Commission which is not found in the Act. The Commission is the guardian of the public interest in determining whether certificates of convenience and necessity shall. be granted. For the performance of that function the Commission has been entrusted with a wide range of discretionary authority. * * * Forecasts as to the future are necessary to the decision." [326 U.S. at 240–241, 66 S.Ct. at 77; see also: United States v. Pierce Auto Lines, 327 U.S. 515, 531–532, 66 S.Ct. 687, 90 L.Ed. 821 (1946); I. C. C. v. Parker, 326 U.S. 60, 64, 65–66, 65 S.Ct. 1490, 89 L.Ed. 2051 (1945); Lang Transportation. Corp. v. United States, 75 F.Supp. 915, 929 (S.D.Cal.1948).]

Here, as the Commission's report points out:

"Census statistics and growth rate projections for the western States, offered through an assistant professor of economics of a western university, show * * * that they had an aggregate population growth of 46 percent, as compared with a national growth rate of 14.5 percent between 1940 and 1950; that their growth rate exceeded the overall national growth by 30.8 percent to 15 percent between 1950 and 1957; and that the projected growth rate for each, with one exception, would exceed the projected national growth rate of 27.4 percent, for the period 1958 through 1975. This witness was of the opinion that the availability of adequate transportation would contribute to their development and growth." [86 M.C.C. at 143.]

■ Plaintiffs' second contention may also be answered in the language of the Court: "To consider the weight of the evidence before the Commission, the soundness of the reasoning by which its conclusions were reached, or whether the findings are consistent with those made * * * in other cases, is beyond our province." [Virginian R. Co. v. United States, 272 U.S. 658, 663, 47 S.Ct. 222, 224, 71 L.Ed. 463 (1926); see also: Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Rochester Tel. Corp. v. United States, 307 U.S. 125, 139–140, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); I. C. C. v. Union Pac. R. Co.,. 222 U.S. 541, 547–548, 38 S.Ct. 108, 56 L.Ed. 308 (1912).]

■■ We have been unable to find any basis for plaintiffs' third contention that the Commission made and relied upon "evidentiary findings contrary to the record evidence". Nor does there appear any basis for criticism of the Commission's exercise of discretion under § 5(2) [49 U.S.C.A. § 5(2)], in approving the control of T.E.K. Van Lines, Inc., by other motor carriers [see: 86 M.C.C. at 142, 147–148; McLean Trucking Co. v. United States, 321 U.S. 67, 87, 64 S.Ct. 370, 88 L.Ed. 544 (1944)].

■ Judging the orders of the Commission under review at bar, as all orders of the Commission are entitled to be judged, by "the report, read as a whole" [United States v. Louisiana, 290 U.S. 70, 80, 54 S.Ct. 28, 33, 78 L.Ed. 181 (1933)], and by "the record as a whole out of which the report arose" [City of Yonkers v. United States, 320 U.S. 685, 695, 64 S.Ct. 327, 88 L.Ed. 400 (1944)], the orders are supported by findings which are neither arbitrary nor capricious, but are adequately sustained by the record [cf. United States v. Carmack,

329 U.S. 230, 243–244, 67 S.Ct. 252, 91 L.Ed. 209 (1946)]; and there is rational basis for the administrative conclusion [Miss. Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934)].

■ "The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body." [Miss. Valley Barge Line Co. v. United States, supra, 292 U.S. at 286–287, 54 S.Ct. at 693.]

This action to annul the Commission's orders of May 12 and December 26, 1961 [86 M.C.C. 139], must therefore be dismissed.

Solicitors for defendants will lodge with the Clerk findings of fact, conclusions of law and judgment of dismissal pursuant to Local Rule 7, West's Ann. Code, within ten days.