18353

The HERTZ CORPORATION, Respondent, v. SOUTH CAROLINA TAX COMMISSION, and Otis W. Livingston, Robert C. Wasson, J. A. Calhoun, Jr., Harold Murph and Sam Burts as members of and composing the South Carolina Tax Commission, Appellants.

(142 S. E. (2d) 445)

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Appellants,*

*Morris D. Rosen, Esq.,* of Charleston, *for Respondent,*

May 25, 1965.

BRAILSFORD, Justice.

The Hertz Corporation is engaged in the business of renting and leasing motor vehicles in many of the states of the United States, including South Carolina. The issue in this case involves the method of allocating a portion of the Corporation's 1960 income to South Carolina for income tax purposes and turns upon which of two statutory formulae applies. The pertinent provisions of law were adopted in 1958 and re-enacted in 1959. Act No. 731, Acts of 1958 and Act No. 217, Acts of 1959. These acts, as amended, are codified as Title 65, Chapter 5, Article 5, Code of 1962. The purpose of this legislation, as declared in both acts, is to provide for the imposition of the South Carolina income tax, where the taxpayer is also subject to income tax

in other states, "upon a base which reasonably represents the proportion of the trade or business carried on within this State."

The Act of 1959 provides that "a taxpayer whose principal business in this State is (a) manufacturing or any form of collecting, buying, assembling or processing goods and materials within this State, or (b) selling, distributing or dealing in tangible personal property within this State, shall make returns and pay annually an income tax upon a proportion of its remaining net income computed on the basis of the arithmetical average of the following three ratios: * * *."

The three ratios, omitting details, are: (a) Property. Ratio of value of real estate and tangible personal property used by the taxpayer in this State, to the total value of such property used by the taxpayer everywhere. (b) Payrolls. Ratio of payrolls paid or incurred in this State to such payrolls everywhere. (c) Sales. Ratio of sales in this State to sales everywhere. We quote the following from the exposition of the third ratio: "The word 'sales' as used in this act shall be construed to include rentals of tangible personal property * * *."

As to other taxpayers than those falling within a classification to which the three factor formula is applicable, the Act provides that "such taxpayer shall make returns and pay annually an income tax upon a proportion of its remaining net income computed on the basis of the ratio of gross receipts in this State during the income year to the total gross receipts of such year within and without the State."

The South Carolina Tax Commission applied the gross receipts formula in assessing Hertz's 1960 income tax. Hertz paid the additional tax under protest and brought this action to recover the difference. From a judgment in favor of the taxpayer, the Tax Commission has appealed, contending that Hertz is not included within the classification of taxpayers entitled to use the three factor formula.

The Legislature apparently considered that the three factor formula would be best calculated to attain the objective of reasonable allocation of income where the business of the taxpayer is appropriate to its use, and undertook to classify businesses accordingly. Here, the taxpayer is principally engaged in this State and elsewhere in renting and leasing tangible personal property, i. e., motor vehicles. It maintains an inventory of such vehicles in this State, and the ratio of such vehicles to total motor vehicles used by the taxpayer bears a reasonable relation to allocation of income to this State. It also has agents and employees in this State to whom it pays salaries and wages. The ratio of such payments to total payrolls of the taxpayer everywhere bears a reasonable relation to the allocation of income to this State. The taxpayer receives income in this State from rentals of tangible personal property and the ratio of such income to total income from rentals everywhere bears a reasonable relation to allocation of income to South Carolina. In short, the nature of the taxpayer's business is entirely appropriate to the use of the three factor formula. It is clearly within the spirit of the legislative classification, which should be liberally construed in favor of the inclusion of businesses to which the formula is appropriate.

We think that the broad language employed demonstrates this legislative intent. "(a) (M)anufacturing or *any form* of collecting, buying, assembling or processing * * * or (b) selling, distributing *or* dealing in tangible personal property within this State * * *." (Emphasis ours.)

We agree with the circuit court that Hertz is *dealing in* tangible personal property, from which it receives rentals, the equivalent of sales as defined in the Act. Every lease or rental agreement between Hertz and a customer is a deal with respect to a motor vehicle and Hertz is principally engaged in such dealing. The Tax Commission's insistence that the words "dealing in" are used in subdivision (b) of the classification, quoted above, as synony-

mous with selling and distributing is unnecessarily restrictive and is inconsistent with the legislative intention to obtain a broad coverage of businesses to which the three ratio formula is appropriate. It is well settled that a statutory provision should be given a reasonable and practical construction which is consistent with purpose and policy expressed in the statute. *Caughman v. Columbia Y. M. C. A.* 212 S. C. 337, 47 S. E. (2d) 788.

Furthermore, if there be any doubt as to the sense in which the word "dealing" was used in this tax statute, which we do not concede, it is well settled that such doubt must be construed in favor of the taxpayer. *Colonial Life & Accident Insurance Co. v. South Carolina Tax Commission,* 233 S. C. 129, 149, 103 S. E. (2d) 908, 918.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.