18442

Paul Brooks JONES, Jr., Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(146 S. E. (2d) 166)

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon* and *C. T. Goolsby, Jr., Assistant Attor-*

*neys General*, of Columbia, *for Appellant,*

*Messrs. Bryan & Bahnmuller,* of Sumter, *for Respondent.*

January 4, 1966.

Moss, Justice.

This is an appeal by the South Carolina State Highway Department from an order of the Circuit Court which enjoins it from suspending the driver's license of Paul Brooks Jones, Jr., the respondent herein.

The record shows that on April 16, 1965, the respondent was notified by the Department that his license to drive a motor vehicle in this state was suspended, under the provisions of Section 46-342 of the Code, for a period of three months because of his conviction on March 20, 1965, of reckless driving, such being a third offense within a five year period. He had previously been convicted of reckless driving on July 16, 1960, and on September 1, 1961. Following his conviction on September 1, 1961, the respondent's license to operate a motor vehicle was suspended for three months, in accordance with Section 46-342 of the Code.

The respondent instituted this proceeding in the Circuit Court to vacate the Department's suspension order of April 16, 1965, on the ground that Section 46-196.4 of the Code prohibits it from considering previous reckless driving convictions where suspension of one's driver's license is under Section 46-342 of the Code. The Circuit Judge sustained the position of the respondent and enjoined the Department from

suspending his driver's license. This appeal is from such order.

The General Assembly of this State, at its 1955 Session, by Act No. 168, 49 Stats. 249, established a point system for the evaluation of the operating record of persons to whom a license to operate motor vehicles has been granted, and for the determination of the continuing qualifications of such persons for the privileges granted by such license. The point system so enacted has as its basic element a graduated scale of points assigning relative values to the various violations in accordance with a schedule therein fixed, and providing for the suspension of a driver's license when such driver has a total of twelve points assessed against him in the manner provided for in said Act. Section 4(e) of the aforesaid Act has now been codified as Section 46-196.4 of the 1962 Code and provides:

"When the driver's license of a person is suspended under the provisions of this article, all violations considered in such suspension shall be disregarded in so far as any subsequent suspension under this article or under the provisions of § 46-342 is concerned."

Section 46-342 of the Code, to which reference is made in Section 46-196.4 of the Code, provides:

"Any person who drives any vehicle in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property is guilty of reckless driving. The Department, upon receiving satisfactory evidence of the conviction, of the entry of a plea of guilty or the forfeiture of bail of any person charged with a second and subsequent offense for the violation of this section shall forthwith suspend the driver's license of any such person for a period of three months. Only those offenses which occurred within a period of five years including and immediately preceding the date of the last offense shall constitute prior offenses within the meaning of this section. * * *"

136

It will be noted that in Section 46-196.4 of the Code above quoted, that when a driver's license of a person is suspended under the provisions of this "article" that such violation shall be disregarded insofar as any subsequent suspension under this "article" or under the provisions of Section 46-342 of the Code is concerned. When the original statute was enacted, Section 4(e) of Act No. 168 used the word "act" rather than the word "article". This change in phraseology does not necessarily require a change in the construction of the earlier statute. It has been held that the word "act", in legislation is used as synonymous with the word "article". *Deposit Bank of Owensboro v. Daviess County,* 102 Ky. 174, 39 S. W. 1030, 44 L. R. A. 825. Irrespective of whether the word "act" or the word "article" was used in the original enactment or in the codified version, the only reasonable construction which can be given is that either term refers to the "point system for evaluating operating records of drivers" as is now contained in Sections 46-195 through 46-196.12 of the Code.

It is agreed that none of the respondent's reckless driving convictions has ever been considered under a "point system" suspension. It is conclusive from the record that the respondent's license to operate a motor vehicle was suspended under Section 46-342 of the Code.

The first rule of construction in the interpretation of statutes is that of intention on the part of the legislature and where the terms of a statute are clear and not ambiguous, there is no room for construction, and courts must apply them according to their literal meaning. *McCollum v. Snipes,* 213 S. C. 254, 49 S. E. (2d) 12. A statutory provision should be given a reasonable and practical construction which is consistent with purpose and policy expressed therein. *Hertz Corporation v. S. C. Tax Commission,* 246 S. C. 92, 142 S. E. (2d) 445. There is no safer nor better rule of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly says.

We think that the language of Section 46-196.4 of the Code is clear and unambiguous and the legislature intended that a violation of the "point system" once considered in a suspension of a driver's license must be disregarded as far as any subsequent suspensions are concerned, either under the provision of said section or Section 46-342 of the Code.

However, since neither of the respondent's reckless driving convictions has been considered in a suspension under the "point system", Section 46-196.4 of the Code does not prevent the Department from treating the respondent's third conviction of reckless driving as a subsequent offense under Section 46-342. This being true, it was proper for the Department to suspend the driver's license of the respondent upon his conviction of a second or any subsequent offense. The Trial Judge was in error in not so holding.

The judgment of the lower Court is reversed and the appellant is permitted to reinstate its suspension of the driver's license of the respondent.

Reversed.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

TAYLOR, C. J., did not participate.