Public Utilities Commission
No. 7781

## New England Household Moving & Storage, Inc.

### v.

### Public Utilities Commission
### The State of New Hampshire

December 30, 1977

*McLane, Graf, Greene, Raulerson & Middleton Professional Association,* of Manchester, and *Robert E. Jauron (Mr. Charles A. DeGrandpre* orally), for New England Household Moving & Storage, Inc.

*David H. Souter,* attorney general, and *Deborah J. Cooper,* attorney (*Ms. Cooper* orally), for the state.

DOUGLAS, J.   This case is an appeal from a decision of the public utilities commission denying New England Household Moving & Storage, Inc., a certificate to operate as a motor vehicle carrier of household goods, pursuant to RSA ch. 375-A. After a hearing, the certificate was denied because of applicant's failure to prove that the proposed service is or will be required by the "public convenience and necessity." Applicant filed a motion for rehearing which was denied by the commission, and the current appeal was then brought pursuant to RSA 541:6.

Applicant is a Delaware corporation authorized by the Interstate Commerce Commission to operate as an interstate mover of household goods, and also operates within the state of Massachusetts under authority conferred by the Massachusetts Department of Public Utilities. Pursuant to its interstate authority applicant maintains a terminal in Nashua, New Hampshire, and in its application to the commission seeks authority to operate intrastate between points in New Hampshire.

At the commission hearing, applicant introduced evidence of the vehicles and equipment it owns, a group of quality control forms for its interstate business, a record of telephone inquiries regarding its services, letters of support from interstate patrons, and a growth study for the three counties in which applicant seeks primary authority to operate. John P. Kelly, president of New England Household, and Joseph Milne, a planning consultant, also testified in support of the application. The protestants to New England Household's application offered no evidence, but submitted a motion to the commission alleging that applicant had failed to sustain its burden of proving that the public convenience and necessity required granting the certificate. This motion was granted by the commission and applicant accordingly was denied a certificate.

At the outset we are presented with a question concerning the standard of review to be applied to the commission's decision.

The state has argued that RSA 541:6 does not provide an appeal from the commission's decision, and that applicant's petition should therefore be treated as one for writ of certiorari, restricting our review "to the limited determination of whether the commission in question acted 'illegally in respect to jurisdiction, authority or observance of law.'" *Connell's New and Used Cars v. State*, 117 N.H. 531, 532, 375 A.2d 257, 258 (1977). We disagree. It is true that RSA ch. 541 does not provide a method of appeal from the determination of every administrative agency, but only where an appeal is specifically "authorized by law." RSA 541:2; *see Connell's New and Used Cars v. State*, 117 N.H. at 531–32, 375 A.2d at 257–58; *Wilson v. Personnel Commission*, 117 N.H. 783, 378 A.2d 1375 (1977). We find such a specific authorization, however, in RSA 365:21, which provides that "[t]he procedure for rehearings and appeals [from the Public Utilities Commission] should be that prescribed by chapter 541. . . ." Pursuant to this provision, applicant properly appealed to this court, *see Household Goods Carriers Ass'n v. Ouellette*, 107 N.H. 199, 219 A.2d 699 (1966); *White Mountain Power Co. v. Whitaker*, 106 N.H. 436, 213 A.2d 800 (1965); *Welch Co. v. State*, 89 N.H. 428, 199 A. 886 (1938), and therefore the standard to be applied in reviewing the commission's decision is that prescribed by RSA 541:13.

New England Household seeks to have the commission's decision set aside on the grounds that the commission erroneously required the applicant to prove that the services of existing household movers were inadequate in order to meet its burden of proof that the public convenience and necessity requires the granting of a certificate. While conceding that the inadequacy of existing services might be a proper subject for commission inquiry, applicant argues that it is error to make it a prerequisite to a finding that the public convenience and necessity requires granting a certificate.

RSA 375-A:3, which governs the granting of authority to operate as a household goods carrier within New Hampshire, does not specify the criteria the commission should employ in determining whether the proposed services are or will be required by the public convenience and necessity. This court, however, has recognized that the adequacy of existing services is merely a factor to be considered. *Household Goods Carriers Ass'n v. Ouellette*, 107 N.H. at 201, 219 A.2d at 700.

■■ It was error to require the applicant to prove the inadequacy of existing carrier service as a prerequisite to meeting its burden of proof on the question of public convenience and necessity. Other factors, including the desirability of additional competition, may warrant a finding that the additional service is required by the public convenience and necessity, although existing carriers can adequately fulfill present and future needs. *See Nashua Motor v. U.S.*, 230 F. Supp. 646, 652–53 (D.N.H. 1964) (construing an almost identical provision of the Interstate Commerce Act); *Schaffer v. U.S.*, 355 U.S. 83, 90–91 (1957) (same); *U.S. v. Detroit & Cleveland*, 326 U.S. 236, 240–41 (1945) (same); *Union Mechling v. U.S.*, 390 F. Supp. 391, 403, 405 (W.D. Pa. 1974) (same). We therefore hold that "the absence of a finding of inadequacy [of existing carrier services] is not alone sufficient to bar the issuance of a certificate when other factors justify a finding of public convenience and necessity." *Nashua Motor v. U.S.*, 230 F. Supp. at 653; *see N.H.P.U.C. Rules & Regulations—Household Goods*, No. 1 (I-T 11, 786) (March 7, 1969).

Especially is this so in light of the unique provisions of N.H. Constitution, pt. II, article 83 providing that free enterprise and the market economy are constitutional rights in this state. "Free and fair competition in the trades and industries is an inherent and essential right of the people . . . ." *Id.* The legislature is authorized to effectuate this policy so that no one will "destroy free and fair competition . . . ." Regulatory agencies have come under recent scrutiny in a report this year by the N.H. House Special Committee on Licensing and Regulatory Boards. Its report found that boards may be "knowingly or unknowingly" raising barriers to entrance into business and may be out of step with legislative intent by being "protectionist of their trade and limit[ing] competition." N.H. House Record 1003–05, at 1004 (April 7, 1977). This attitude was found to be "not in the public interest." *Id.* at 1005. See also economist Milton Friedman's conclusion that the Interstate Commerce Commission has become "an agency to protect . . . existing truck companies from competition by new entrants." M. Friedman, Capitalism and Freedom 29 (1963).

■ In referring to an exhibit introduced by applicant which recorded numerous telephone requests for applicant's intrastate services, the commission stated that "there [was] no indication that the presently certified movers were unable to satisfy their

transportation needs. Accordingly, this exhibit fails to provide any evidence that public convenience and necessity is not being fulfilled by existing carriers." Also in considering the protestants' motion to deny applicants a certificate, the commission stated that "[the attorney for the protestants] further pointed out that no evidence has been submitted by applicant to indicate dissatisfaction or failure to provide service by carriers whom he represents in this proceeding. The commission finds merit in this motion in that the applicant has, in fact, failed to meet this burden of proof, namely that public convenience and necessity requires the granting of the application." The commission apparently equated proof that existing carrier service is inadequate with the applicant's burden of proving that its services are required by the public convenience and necessity. This erroneous standard requires that the commission's order be vacated. *See Parker Young Co. v. State,* 83 N.H. 551, 558–60, 145 A. 786, 790–91 (1929); *Boston & Maine R.R. v. State,* 97 N.H. 380, 384, 89 A.2d 764, 767 (1952).

■ Similarly, thirteen letters in support of the application submitted by prospective shippers, and a growth chart indicating a rapid increase in the population growth in the area in which applicant seeks authority to operate, were not considered demonstrative on the question of public convenience and necessity, because they did not indicate that existing carrier services were inadequate to meet present or future need. We think that this evidence was also entitled to weight by the commission on the question of public convenience and necessity. *See Aero-Mayflower Transit Company v. U.S.,* 208 F. Supp. 303, 305 (S.D. Cal. 1962); *Union Mechling v. U.S.,* 390 F. Supp. 391, 400–01 (W.D. Pa. 1974). Due to the non-recurring nature of household goods traffic "it is exceptionally difficult, in applications for authority to institute new operations, to obtain the testimony either of prospective shippers with respect to the need for the proposed service, or of persons who have been inconvenienced in the past by a lack of adequate service." *Empire Fuel & Transfer Co.,* 113 M.C.C. 38, 43 (1971).

This case is remanded to the commission for the development of findings on the existing record to support a new order consistent with this opinion. *Society for Protection of N.H. Forests v. Site*

*Evaluation Comm.*, 115 N.H. 163, 171–75, 337 A.2d 778, 785–87 (1975).

*Order vacated; remanded.*

LOUGHLIN and BATCHELDER, JJ., sat by special assignment pursuant to RSA 490:3; all concurred.