Board of Taxation
No. 7675

ST. JOHNSBURY TRUCKING CO., INC.

v.

THE STATE OF NEW HAMPSHIRE

April 7, 1978

210

*McLane, Graf, Greene, Raulerson & Middleton Professional Association*, of Manchester (*James C. Hood* orally), for the plaintiff.

*David H. Souter*, attorney general (*Wilbur A. Glahn, III*, assistant attorney general, orally), for the State.

GOODE, J. (By special assignment pursuant to RSA 490:3). This is an appeal from a decision of the board of taxation assessing additional business profits taxes, RSA ch. 77-A, against St. Johnsbury Trucking Co., Inc. [hereinafter St. Johnsbury]. Upon hearing, the board of taxation affirmed the determination of the commissioner of the New Hampshire Department of Revenue Administration that a modified apportionment formula should be used pursuant to RSA 77-A:3 III (Supp. 1975). For the reasons hereinafter indicated, we vacate the order of the board of taxation and remand for further findings of fact.

St. Johnsbury is a common carrier by motor with certificates of authority issued by the Interstate Commerce Commission for interstate shipments and issued by the Public Utilities Commission of the State of New Hampshire for intrastate shipments. St. Johnsbury is in the business of hauling freight and maintains terminals in Manchester and Berlin for this purpose. Because of its interstate operations, St. Johnsbury is subject to taxes in eight states, including New

Hampshire. It is therefore entitled to take advantage of the apportionment provisions of RSA 77-A:3 (Supp. 1975).

RSA 77-A:3 (Supp. 1975) establishes a method for determining a taxpayer's business activity in this State for the purpose of apportioning the amount of income which is subject to New Hampshire's business profits tax. This determination utilizes three factors, namely, property, payroll, and sales. A percentage for each of the three factors is derived from the ratio of the dollar values of each item attributable to New Hampshire to the total of such values attributable everywhere. The sum of these three percentages is then divided by three to determine an average which is then applied to the total gross business profits of the business organization to determine the gross business profits subject to tax in this State. The only statutory apportionment factor involved in this case is the sales factor. When the taxpayer sells services, as in this case, the statute attributes a sale to this State "if the income-producing activity is performed in this state, or the income-producing activity is performed both in and outside of this state and a greater proportion of the income-producing activity is performed in this state than in any other state, based on costs of performance." *Id.* III.

RSA 77-A:3 III (Supp. 1975) also contains a relief clause: "If this method of apportionment does not fairly reflect the extent of the business activities of a business organization within this State, the business organization may petition for, or the commissioner may require modification or exclusion of one or more of the apportionment factors to effectuate an equitable apportionment of business profits." It is the use of this clause to modify the sales factor that is at issue in this case. The director of the audit division of the department of revenue administration, acting as a delegate of the commissioner, made a determination that additional tax was due for the years 1971, 1972, and 1973. The basis for the additional assessment was the determination by the commissioner's delegate that the sales factor should be computed by comparing the average of inbound and outbound revenues from New Hampshire terminals to total revenue, and averaging this figure with the ratio of total revenue miles everywhere to total revenue miles in New Hampshire. The commissioner's delegate specifically recognized that his actions constituted a modification of the three factor apportionment pursuant to the provisions of RSA 77-A:3 III (Supp. 1975). St. Johnsbury appealed this determination to the board of taxation under RSA 77-A:14 (Supp. 1975).

■ The authority for appeal to this court is RSA 71-B:12 (Supp. 1975), which specifies that decisions of the board of taxation will be appealed in accordance with RSA ch. 541. The scope of our review is therefore governed by RSA 541:13. *See New England Household Moving and Storage Inc. v. Public Util. Comm'n,* 117 N.H. **1038, 381** A.2d 745 (1977).

St. Johnsbury contends that (1) the relief clause is to be used only in extraordinary circumstances, *i.e.,* when a clear showing is made that the statutory formula fails to fairly apportion income, and (2) that there was no evidence before the board of taxation that such extraordinary circumstances existed in this case.

■■ The statutory provisions require that the three-factor formula will be used for apportioning business profits, and an alternative formula may be used if the statutory method of apportionment "does not fairly reflect the extent of the business activities of a business organization within this state." The legislature has, therefore, specified that an alternative formula is the exception, and the party who wants to use an alternative formula accordingly has the burden of showing that the alternative is appropriate. Merely because the use of an alternative form of computation produces a higher business activity attributable to New Hampshire is not in and of itself a sufficient reason for deviating from the legislatively mandated formula. Before an alternative method of apportionment can be utilized, the commissioner must first find that the statutory method of apportionment does not fairly represent the taxpayer's business activity in this State. This is the same conclusion reached by other courts that have considered this question. *See Amoco v. Armold,* 213 Kan. 636, 518 P.2d 453 (1974); *Donald M. Drake Co. v. Department of Rev.,* 263 Ore. 26, 500 P.2d 1041 (1972); *Kennecott Copper Corp. v. State Tax Comm.,* 27 Utah 2d 119, 493 P.2d 632 (1972).

The party seeking to use an alternative method of determination bears the burden of proof. RSA 77-A:3, as originally enacted, was virtually identical to the apportionment provision of the Uniform Division of Income for Tax Purposes Act. *See* U.D.I.T.P.A., 7 Uniform Laws Annotated 365 (1970). The most recent change in RSA 77-A:3 (Supp. 1975) modified the relief clause slightly, but did not change the original purpose of the clause. The draftsman of the uniform act, William J. Pierce, explained that the relief clause was to be used only in unusual circumstances:

This section necessarily must be used where the statute reaches arbitrary or unreasonable results so that its application could be attacked successfully on constitutional grounds. Furthermore, it gives both the tax collection agency and the taxpayer some latitude for showing that for the particular business activity, some more equitable method of allocation and apportionment could be achieved. Of course, departures from the basic formula should be avoided except where reasonableness requires. Nonetheless, some alternative method must be available to handle the constitutional problem as well as to the unusual cases, because no statutory pattern could ever resolve satisfactorily the problems for the multitude of taxpayers with individual business characteristics.

Pierce, *The Uniform Division of Income for State Tax Purposes*, 35 Taxes 747, 781, (1957); *see* Keesling and Warren, *California's Uniform Division of Income for Tax Purposes Act*, 15 U.C.L.A. L. Rev. 156, 171 (1967).

In order to properly review the board's action, this court needs findings of basic facts. *New Hampshire Dep't of Rev. Adm'n v. Public Empl. Lab. Rel. Bd.*, 117 N.H. 976, 380 A.2d 1085 (1977); *Foote v. State Personnel Comm'n*, 116 N.H. 145, 148, 355 A.2d 412, 414 (1976). The board's opinion does not state any findings of basic fact to support a conclusion that the statutory standard of unfair apportionment has been met. *See Society for Protection of N.H. Forests v. Site Evaluation Comm.*, 115 N.H. 163, 174, 337 A.2d 778, 787 (1975). Accordingly, in the absence of such findings, we are unable to uphold the board's decision. It is also unclear from the board's opinion whether the burden of proof was placed on the proper party, *i.e.*, the commissioner in this case. We must therefore remand the matter to the board of taxation for findings which set forth in sufficient detail the facts upon which it concluded that the statutory formula did not fairly reflect the extent of St. Johnsbury's business activities in this State.

Finally, we note that the State claims that the board was forced to use an alternative formula because St. Johnsbury never supplied sufficient information for the cost of performance under RSA 77-A:3 III to be calculated in accordance with the statutory formula. We emphasize again that the relief clause is to be used only if the

statutory test is met, and not for the convenience of the commissioner. Appropriate remedies exist if a taxpayer refuses to supply the necessary information for the statutory calculations. *See* RSA 77-A:11, :12. Neither St. Johnsbury nor the State claim that the cost of performance cannot be calculated. It would be a different matter if this were so.

Due to the manner in which we dispose of this case, it is unnecessary to consider St. Johnsbury's claim that the modified formula used by the commissioner violated the United States Constitution.

*Order vacated; remanded.*

LAMPRON, J., did not sit; the others concurred.