0351

William J. DETYENS, Individually, and Detyens, Simmons & Carlisle, Plaintiffs, v. C. E. MAGUIRE, INC., McDevitt & Street Company, Maxson-Betts Company, Seth Lumber Company, Inc., The Bonitz Insulation Co. of South Carolina, and Williams Contracting, Inc., Defendants, of whom McDevitt & Street Company is Appellant, and Maxson-Betts Company, Seth Lumber Company, Inc., The Bonitz Insulation Co. of South Carolina, and Williams Contracting, Inc., are Respondents. Appeal of McDEVITT & STREET COMPANY.

(324 S. E. (2d) 648)

Court of Appeals

*Morris D. Rosen* of *Rosen, Oberman & Rosen,* Charleston, *for appellant.*

*David B. Betts* of *Betts & Enlow,* Columbia, *S. Jackson Kimball,* Rock Hill, *Jeter E. Rhodes, Jr.* of *Whaley, Mc-Cutcheon, Blanton & Rhodes,* and *Richard B. Watson* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondents.*

Heard Nov. 19, 1984.

Decided Dec. 31, 1984.

GOOLSBY, Judge:

William J. Detyens, individually, and Detyens, Simmons & Carlisle brought this action alleging negligence and breach of warranty against the appellant McDevitt & Street, the respondent Maxson-Betts Company, Seth Lumber Company, Inc., The Bonitz Insulation Company of South Carolina, and Williams Contracting, Inc., and the defendant C. E. Maguire, Inc. McDevitt, a general contractor, filed cross actions against the four respondents, who were its subcontractors. The trial court sustained the respondents' demurrers to the cross actions. We affirm.

We are asked to determine whether, in an action where a general contractor and several subcontractors are named defendants, the general contractor can maintain cross actions against the subcontractors before the plaintiff obtains a final judgment against the general contractor.

The plaintiffs are owners and developers of a condominium complex in Charleston, South Carolina, known as Dockside. They originally brought suit against the architect who designed Dockside, Maguire, and the general contractor who built it, McDevitt. The plaintiffs later amended their complaint to add as defendants four of McDevitt's subcontractors, Maxson-Betts, Seth Lumber, Bonitz Insulation, and Williams Contracting. Their amended complaint alleges defects in the design and construction of the complex.

McDevitt filed cross actions against the four subcontractors alleging in each action a right of indemnification for the defective work the subcontractor performed. McDevitt's cross actions were met with demurrers filed by the subcontractors. The trial court sustained the demurrers holding that no cause of action could arise in favor of McDevitt

against the subcontractors until the plaintiffs' action against McDevitt had been tried and determined.

Section 15-15-70 of the South Carolina Code of Laws (1976), which provides for the filing of cross actions, reads in part:

> Whenever a defendant in an action at law shall have a cause of action against a codefendant therein which arose from the same transaction, act, negligence or wrong set forth in plaintiff's complaint, such defendant is hereby permitted to set forth such cause of action demanding relief in his answer, along with such defense as he may have to plaintiff's cause of action, and serve such answer upon such codefendant against whom the relief is demanded.

McDevitt would have us interpret Section 15-15-70 to allow the filing of a cross action under the circumstances presented here. It argues that such an interpretation would promote judicial economy and efficiency in that the court could grasp all the issues germane to the main controversy and dispose of them in one and the same action. *See* 61A. Am. Jur. (2d) *Pleading* Section 182 at 181 (1981).

In the interpretation of statutes, the first rule of construction is that of intention on the part of the legislature. *Jones v. South Carolina State Highway Department*, 247 S. C. 132, 146 S. E. (2d) 166 (1966). Where the terms of a statute are clear and unambiguous, there is no room for construction and the terms must be accorded their literal meaning. *McCollum v. Snipes*, 213 S. C. 254, 49 S. E. (2d) 12 (1948). Indeed, "[t]here is no safer nor better rule of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly says." *Jones v. South Carolina State Highway Department, supra,* 146 S. E. (2d) at 168.

We think that the language of Section 15-15-70 is clear and unambiguous and that the legislature intended to authorize the filing of a cross complaint against a codefendant only when the cause of action upon which the cross action is based existed at the time of the commencement of the action. *Cf. Smart v. Charleston Mobile Home, Inc.*, 269 S. C. 588, 239 S. E. (2d) 78 (1977) (counterclaim not based on a cause of action that existed at time action com-

menced held subject to demurrer). The statute uses the phrase "shall have a cause of action" and not the phrase "may have a cause of action." *Cf.* JUDICIAL COUNCIL OF S. C., PROPOSED S.C.R.CIV.P. 13(g) (April, 1984) ("cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant").

While McDevitt's argument certainly has its appeal, ■ we conclude that the legislature in enacting Section 15-15-70 did not intend to authorize, as do other jurisdictions [*see, e.g.,* FLA.R.CIV.P. 1.70(g); FED.R.CIV.P. 13(g)], the filing of a cross complaint against a codefendant whose liability to the cross complainant, like that of each codefendant here, is contingent upon the results of the action against the cross complainant.

Affirmed.

SHAW and CURETON, JJ., concur.