1026

LOCKWOOD GREENE ENGINEERS, INC., Appellant v. SOUTH CARO-LINA TAX COMMISSION, Respondent.

(361 S. E. (2d) 346)

Court of Appeals

*J. Donald Dial, Jr.,* and *Walter W. Theus, Jr.,* both of *Sinkler and Boyd,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen, Jr., and Deputy Atty. Gen. Ray N. Stevens,* Columbia, *for respondent.*

Heard Sept. 23, 1987.

Decided Oct. 12, 1987.

CURETON, Judge:

This is a tax refund action. Lockwood Greene Engineers, Inc. is an engineering firm with offices in South Carolina and four other states. It has clients and projects in numerous states including South Carolina. Lockwood and the South Carolina Tax Commission disagree over the interpretation of the phrase "gross receipts from within this State" contained in Section 12-7-1190, *Code of Laws of South Carolina,* 1976. The circuit court adopted the interpretation of the Tax Commission and denied the refund claim. We affirm.

Both Lockwood and the Commission agree Section 12-7-1190 is the applicable tax provision. Lockwood is a multi-state taxpayer. In order to determine South Carolina income tax for Lockwood it is necessary to allocate Lockwood's income. Section 12-7-1190 states the taxpayer shall pay income tax "upon a proportion of its remaining net income computed on the basis of the ratio of *gross receipts from within this State* (emphasis added) during the income year to the total gross receipts of such year within and without the State."

The issue is the proper determination of "gross receipts from within this State." Lockwood asserts the phrase is clear and the use of the term "receipts" refers to where a taxpayer's customers are located and payments made. This is the "origin of payment" view. The Commission asserts the phrase refers to the place where the services are performed. This is the "place of activity" view. Under the stipulated facts, Lockwood filed amended returns which apportioned a share of its income to South Carolina based on the ratio its gross receipts from payors located in this state bore to its total receipts from within and without South Carolina, i.e. the location from which its fees were received. The Tax Commission apportioned Lockwood's income to South Caro-

lina based upon the ratio of receipts from services rendered in South Carolina bore to Lockwood's total receipts from within and without South Carolina. This figure was determined by comparing the payroll paid by Lockwood to its employees for services performed in South Carolina to the firm's total payroll for all employees. For the tax years 1981-1983, the difference in computed tax was $151,547.00. Lockwood paid the disputed tax under protest and filed this action for a refund. The circuit court concluded the "place of activity view" is the correct method to be applied.

The purpose of the allocation statutes is to provide for ■ ■ imposition of South Carolina income tax "upon a base which reasonably represents the proportion of the trade or business carried on within this State." *Hertz Corp. v. S. C. Tax Commission*, 246 S. C. 92, 142 S. E. (2d) 445 (1965). A statutory provision should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute. *Hay v. S. C. Tax Commission*, 273 S. C. 269, 255 S. E. (2d) 837 (1979). As pointed out by the circuit court, Lockwood provides services to its clients through highly trained engineers and personnel in its various offices. A client pays an engineering firm for the expertise and time of its employees. Therefore, an engineering firm's business carried on in a state is reasonably measured by the services rendered by its personnel in the state. This approach to "gross receipts from within this State" is epitomized by the "place of activity" test advanced by the Tax Commission. For example, assume all of the engineering design services for a North Carolina client are performed by engineers in South Carolina. Under Lockwood's view, the gross receipts would be North Carolina receipts because the client is located in that state. This approach would not recognize the proportion of the engineering firm's business actually carried on in South Carolina.

Lockwood argues the significance of a 1972 amendment to Section 12-7-1190 (formerly Section 65-279.10, *Code of Laws of South Carolina*, 1962). By that amendment, the contested phrase was changed from its original reading of "gross receipts *in* this State" to "gross receipts *from within* this State." Although the parties stipulated the reason for the 1972 amendment is unknown, Lockwood maintains the

amendment clarified the statute to emphasize the place from where receipts are paid as the determinative factor. Since the statute has no legislative history it is difficult to discern the exact intention of the General Assembly. However, we believe it more likely the amendment was designed to clarify the later reference in the statute to the phrase "total gross receipts of such year within and without the State." Prior to the 1972 amendment, the statute was subject to interpretation whether "receipts [from] in this state" was synonymous with the later used phrase "receipts [from] within this state." The amendment makes it clear that "receipts from within this state" is identical to "receipts of such year within ... this state."

Lockwood also argues the statute has not been consistently interpreted by the Tax Commission.[1] Lockwood refers to Tax Commission guidelines concerning computation of the gross receipts of finance companies and media broadcasters. We are not persuaded these businesses are comparable to Lockwood. By contrast, the Tax Commission guidelines concerning law firms, accounting firms, entertainment and sports companies, and hospital management companies all focus on whether the services are performed in South Carolina. These situations are analogous and consistent with the situation of Lockwood.

Because of our interpretation of the statute we need not address Lockwood's alternative interpretation argued in its brief.

For the reasons stated, the order of the circuit court is

Affirmed.

SHAW and BELL, JJ., concur.

---

[1] We discern no constitutional basis for Lockwood's argument.