725 S.E.2d 711

**CARMAX AUTO SUPERSTORES WEST COAST, INC., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Respondent.**

**No. 4953.**

Court of Appeals of South Carolina.

Heard Jan. 26, 2012.
Decided March 14, 2012.
Rehearing Denied May 7, 2012.

John C. von Lehe, Jr., and Bryson M. Geer, both of Charleston, for Appellant.

Milton G. Kimpson and Harry A. Hancock, both of Columbia, for Respondent.

Alexandra E. Sampson, of Washington, D.C., and Burnet R. Maybank, III, of Columbia, for Amicus Curiae Council on State Taxation.

Robert L. Widener and Erick P. Doerring, both of Columbia, for Amicus Curiae South Carolina State Chamber of Commerce.

LOCKEMY, J.

This appeal arises out of CarMax Auto Superstores West Coast, Inc.'s (CarMax West) protest of an assessment of corporate income taxes by the South Carolina Department of Revenue (the Department). CarMax West alleges the Administrative Law Court (ALC) erred in: (1) failing to place the burden of proof on the Department to establish by clear and convincing evidence that the standard statutory apportionment method used by CarMax West does not reflect the extent of CarMax West's business in South Carolina and that the Department's alternative accounting method is reasonable; (2) failing to consider and find that CarMax West operates a unitary business; (3) concluding that the activities of CarMax West in South Carolina are not fairly represented by the standard statutory apportionment method; (4) allowing the Department to apply separate accounting to a unitary business; (5) failing to apply the "place of activity" test set forth in *Lockwood Greene Engineers v. South Carolina Tax Commission*, 293 S.C. 447, 361 S.E.2d 346 (Ct.App.1987) and concluding that CarMax West's financing receipts should be sourced to South Carolina; and (6) concluding that the Department did not violate CarMax West's constitutional rights by applying separate accounting to a unitary business and by sourcing financing receipts to South Carolina. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

### 1. Formation and Corporate Structure of CarMax, Inc.

CarMax, Inc. (CarMax) was formed in 1993 and is the nation's largest retailer of used cars and light trucks. From 2002–2004, CarMax operated as a holding company with two wholly owned subsidiaries: (1) CarMax West, which sold used vehicles in the western United States and owned substantially all of CarMax's intellectual property; and (2) CarMax Auto Superstores, Inc. (CarMax East), which sold used vehicles in the eastern and mid-western United States, including South

Carolina, and handled financing and corporate overhead/management. Prior to 2004, CarMax East paid CarMax West a royalty for its use of the intellectual property. In 2004, CarMax's corporate structure was reorganized. CarMax Business Services, LLC (CBS) was created to: (1) house CarMax's financing operations (CarMax Auto Finance (CAF)); (2) provide certain shared services to the companies in the group; and (3) own the intellectual property. CBS was created as a multi-member limited liability company between CarMax West and CarMax East, with CarMax West owning a 93.5% interest in CBS and CarMax East owning a 6.5% interest in CBS. CBS charges CarMax West and CarMax East a per vehicle management services fee, which includes an intellectual property royalty component. The income from the management fee, in addition to the financing income generated through CAF, is distributed to CarMax West (93.5%) and CarMax East (6.5%).

### 2. Income Tax Returns, Audit, and Department Determination

CarMax West filed South Carolina corporate income tax returns for the years 2002–2007 utilizing the standard apportionment formula for multi-state taxpayers outlined in section 12–6–2250 of the South Carolina Code (2000). This formula calculates a taxpayer's taxable income in South Carolina by computing a ratio of the taxpayer's total property, payroll, and sales. The Department audited CarMax West for the tax years 2002–2007 and issued an audit report on June 19, 2008, adjusting the apportionment formula used by CarMax West and issuing a proposed assessment totaling $829,490. On October 20, 2008, CarMax West submitted a Notice of Protest. On March 11, 2009, the Department issued a Final Agency Determination upholding the proposed assessment. The Department found neither the standard formula nor the gross receipts formula fairly represented the extent of CarMax West's business in South Carolina. The Department applied an alternative method to calculate CarMax West's taxable income in South Carolina. The alternative apportionment formula divided CarMax West's income from royalties and financing receipts from within South Carolina by its royalties and financing receipts from everywhere CarMax West does

business to determine its ratio of apportionable income taxable in South Carolina. The Department's method did not include the retail income earned by CarMax West in other states. After the audit and the Department's Determination, CarMax West filed amended tax returns in September 2009, utilizing the gross receipts formula. To calculate taxable income using gross receipts, a fraction is created with the numerator being the taxpayer's South Carolina receipts and the denominator being the taxpayer's total receipts in all states. This fraction is multiplied by the taxpayer's apportionable net income to determine the taxable income. Here, CarMax West included income from South Carolina royalties but excluded financing revenue in the numerator.

### 3. ALC Determination

CarMax West filed this matter for a contested case hearing before the ALC. Following a hearing on February 18 and 19, 2010, the ALC issued its final order on April 22, 2010. The ALC upheld the Department's alternate method for calculating CarMax West's tax liability, and determined the alternate method was reasonable and did not violate the Commerce Clause. According to the ALC, "the significance of considering [CarMax West's] South Carolina source income apart from its retail operations is inherent in the language of § 12–6–2320 regarding 'the extent of the taxpayer's business activity *in this State.*'" The ALC noted that "[w]here a taxpayer engages in a trade or business in another state but receives income from a separate line of business in this State, it is only reasonable that careful consideration be given to how that taxpayer's business is represented in this State for tax purposes." The ALC also determined CarMax West was not negligent in reporting its tax liability and dismissed the penalties imposed by the Department. The ALC denied CarMax West's motion for reconsideration. This appeal followed.

### STANDARD OF REVIEW

■ Appeals from the ALC are governed by the Administrative Procedures Act (APA). S.C.Code Ann. §§ 1–23–310 to –400 (2005 & Supp.2011). Pursuant to the APA, this court may reverse or modify the ALC's decision if the appellant's

substantial rights have been prejudiced because the administrative decisions are:

(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–380(5) (Supp.2011). "As to factual issues, judicial review of administrative agency orders is limited to a determination whether the order is supported by substantial evidence." *MRI at Belfair, LLC v. S.C. Dep't of Health & Envtl. Control,* 379 S.C. 1, 6, 664 S.E.2d 471, 474 (2008).

## LAW/ANALYSIS

CarMax West argues the ALC erred in failing to place the burden of proof on the Department to establish by clear and convincing evidence that the standard statutory apportionment method used by CarMax West did not reflect the extent of CarMax West's business in South Carolina and that the Department's alternative accounting method is reasonable.

The ALC held:

[t]he standard of proof is a preponderance of the evidence. *Anonymous v. State Bd. of Med. Exam'rs,* 329 S.C. 371, 496 S.E.2d 17 (1998). Additionally, the burden of proof is generally upon the party asserting the affirmative in an adjudicatory administrative proceeding. 2 Am.Jur.2d *Administrative Law* § 354 (2004). The taxpayer in this matter requested a contested case hearing to challenge the Department's proposed assessment; thus, the taxpayer bears the burden of proof.

CarMax West argues that although this is the appropriate standard in tax assessment cases generally, an exception to the rule applies when a party wishes to deviate from the standard method of apportionment. In such a case, CarMax West contends, the burden shifts to the party attempting to deviate to show by clear and convincing evidence why the standard method should not be used and the alternative

method is reasonable. CarMax West cites several decisions from other jurisdictions applying similar shifts in the burden of proof. *See Limited Stores, Inc. v. Franchise Tax Bd.*, 152 Cal.App.4th 1491, 1498, 62 Cal.Rptr.3d 191, 196 (Cal.App. 1 Dist.2007) (holding the party asserting alternative apportionment bears the burden of showing by clear and convincing evidence that alternative apportionment is appropriate); *Union Pacific Corp. v. Idaho State Tax Comm'n*, 139 Idaho 572, 575, 83 P.3d 116, 119 (Idaho 2004) (holding "[t]he party asserting alternative apportionment bears the burden of showing that alternative apportionment is appropriate"); *St. Johnsbury Trucking Co. v. State*, 118 N.H. 209, 212, 385 A.2d 215, 217 (N.H.1978) (holding "an alternative formula is the exception, and the party who wants to use an alternative formula accordingly has the burden of showing that the alternative is appropriate"); *Donald M. Drake Co. v. Dep't of Revenue*, 263 Or. 26, 32, 500 P.2d 1041, 1044 (Or.1972) (holding "the use of any method other than apportionment should be exceptional" and the party seeking to use an alternative method bears the burden of proof); *Kmart Properties, Inc. v. N.M. Taxation & Revenue Dep't*, 139 N.M. 177, 191, 131 P.3d 27, 41 (N.M.App. 2001) (holding the Department of Revenue had the burden of proof "to justify any modification of the [Uniform Division of Income for Tax Purposes Act] formula"), rev'd on other grounds, 139 N.M. 172, 131 P.3d 22 (N.M.2005). CarMax West also contends the Department failed to cite any authority to the contrary and agreed at trial that the Department bore the burden.

The Department maintains: (1) no such standard of proof is found in the plain language of section 12–6–2320(A); (2) the cases cited by CarMax West are non-binding; and (3) our supreme court has not adopted the clear and convincing standard. The Department contends there is a shifting burden of proof. First, the Department argues it bears the burden of proving CarMax West's chosen method of apportionment is not reasonable. Thereafter, once the Department meets its burden, CarMax West bears the burden of proving by clear and convincing evidence that under the Department's alternate method the income attributed to South Carolina is "out of all appropriate proportions to the business transacted" in South Carolina or has led to a "grossly distorted result."

We find the ALC erred in finding CarMax West had the burden of proving the Department's alternate accounting method was not reasonable. There are two burdens of proof which must be met in this case. First, we note both the Department and CarMax West agree the Department bears the burden of proving the gross receipts formula does not fairly represent CarMax West's business activity in South Carolina. Second, the Department bears the burden of proving its alternative accounting method is reasonable and more fairly represents CarMax West's business activity in South Carolina.

In *Media General Communications, Inc. v. South Carolina Department of Revenue*, 388 S.C. 138, 146, 694 S.E.2d 525, 529 (2010), it was undisputed that the gross receipts apportionment statute "did not fairly represent [the multi-state] Taxpayers' income." It was also undisputed that the alternative method proposed by the Taxpayer "did fairly measure the Taxpayers' business activity in South Carolina." *Media General*, 388 S.C. at 146, 694 S.E.2d at 529. Our supreme court upheld the Taxpayers' alternative method, because "the Department has not established that another method would be more appropriate." *Id.* at 152, 694 S.E.2d at 532. Thus, based on *Media General*, the Department, as the proponent of an alternative apportionment method, must establish that its alternative method is not only appropriate, but more appropriate than any competing methods.

Furthermore, although the statutes do not provide a standard of proof, we find they evidence intent by the General Assembly to require proponents of alternate apportionment methods to prove their method fairly represents the extent of the taxpayer's business activity in South Carolina. It is only logical that a party seeking to override the legislatively determined apportionment method bears the burden of proving that method is not appropriate and an alternative method more accurately reflects the taxpayer's business activity within the state. Additionally, we disagree with CarMax West's assertion that the standard of proof is clear and convincing evidence. CarMax West has failed to cite any South Carolina authority supporting its position and the statutes do not indicate a legislative intent to apply the clear and convincing standard. Accordingly, we reverse the ALC's determination

that CarMax West had the burden of proof, and remand for a reconsideration of all issues applying the preponderance of the evidence burden of proof.

## CONCLUSION

We find the ALC erred in determining CarMax West had the burden of proving the Department's alternate accounting method was not reasonable, and therefore, we reverse the ALC and remand for a reconsideration of all issues.

**REVERSED AND REMANDED.**

HUFF and PIEPER, JJ., concur.