828 P.2d 837

**BURLINGTON NORTHERN, INC.,**
Plaintiff–Appellant,

v.

**IDAHO STATE TAX COMMISSION,**
Defendant–Respondent.

**UNION PACIFIC CORPORATION,**
Plaintiff–Appellant,

v.

**IDAHO STATE TAX COMMISSION,**
Defendant–Respondent.

No. 18889.

Supreme Court of Idaho,
Boise, Dec. 1991 Term.

Feb. 24, 1992.

Rehearing Denied May 5, 1992.

able to demonstrate that each piece of investment property had Idaho situs during the year of acquisition, and the extent of Idaho usage for the tax year. The railroads filed timely Petitions for Redetermination. The ISTC affirmed both deficiency determinations.

The railroads filed separate complaints in district court. Among other allegations, they alleged that the ISTC "erroneously concluded that it was necessary for [the railroads] to establish that each piece of investment property had Idaho situs at some point in time during the year of acquisition, and the extent of Idaho usage for such qualifying property." Burlington Northern had "calculated the amount of that credit by determining the total number of miles traveled by the railroad equipment in the state of Idaho in each year, compared to the total number of miles traveled nationwide" and applied that ratio to the "annual purchases of new equipment to determine an estimate of the dollar value of the new purchases that had a situs in Idaho." Union Pacific had "calculated the amount of that credit by using the Idaho property factor for the year in which the new investments qualified for federal investment tax credit."

On April 25, 1989, Union Pacific and the ISTC filed a Stipulation and Order for Identification of Contested Issue. In it, they agreed that "the only issue remaining is Plaintiff's entitlement to investment tax credit," and they contemplated consolidating their case with the Burlington Northern case. On June 7, 1989, Burlington Northern and the ISTC filed a Stipulation and Order Concerning Settlement of Contested Issues. In it, they agreed that "the only issue remaining in the case is the issue of Plaintiff's entitlement to investment tax credit for the years at issue," and they agreed to consolidate their case with the Union Pacific case. On June 7, 1989, Union Pacific filed a Stipulation For Consolidation, Burlington Northern filed a Motion To Consolidate, and the district court, pursuant to I.R.C.P. 42(a), entered its Order of Consolidation.

Hawley, Troxell, Ennis & Hawley, Boise, for plaintiffs-appellants. Eugene A. Ritti argued, Boise.

Larry EchoHawk, Atty. Gen. and Lawrence G. Sirhall, Jr., Deputy Atty. Gen., Boise, for defendant-respondent. Lawrence G. Sirhall, Jr. argued, Boise.

McDEVITT, Justice.

The issue to be resolved is:

Was the district court correct in ruling that I.C. § 63–3029B requires that an entity wishing to claim an Idaho investment tax credit for rolling stock and moveable property must show that the "qualified investment" (or, the property acquired) was physically present in Idaho?

### NATURE OF THE CASE

The Idaho State Tax Commission (ISTC) issued a Notice of Deficiency/Overassessment Determination to Burlington Northern on March 4, 1987, and to Union Pacific on April 20, 1987 (hereinafter referred to as "the railroads"). The ISTC proposed to disallow the railroads' claimed investment tax credit for the value of new investment in rolling stock. The credit was disallowed because the railroads were un-

On November 20, 1989, the parties stipulated to certain facts and procedures for the case. Among other things, they agreed to vacate the trial setting and argue partial summary judgment motions, and they stipulated that the case "concerns the Plaintiffs' eligibility for investment tax credit, as permitted under Idaho Code § 63–3029B, with respect to qualified investments made during the taxable years at issue."

On December 12, 1989, the ISTC filed its Motion for Summary Judgment, and on December 15, 1989, the railroads filed their Motion for Summary Judgment. After hearing oral argument, the district court issued its memorandum decision on July 23, 1990. It granted summary judgment in favor of the ISTC, and entered its judgment and a Rule 54(b) certificate on August 2, 1990.

On August 30, 1990, the railroads appealed from the August 2, 1990 summary judgment.

## STATEMENT OF FACTS

The railroads claimed the Idaho investment tax credit for purchases of moveable property in the tax years 1982, 1983, and 1984. The ISTC denied the claimed credits. In both of its decisions, the ISTC said that the Idaho legislature intended to give income tax credit only for investment in property, whether stationary or moveable, which had situs in Idaho at some point in time during the year. The district court, in its memorandum decision granting summary judgment to the ISTC, stated that

"[n]either railroad had attempted to show, either before the Commission or before this Court, that any of the rolling stock for which a tax credit is claimed ever had an actual physical situs in Idaho during any part of the tax years in question." It added that "[i]t is not enough that the corporate entity itself has a business situs in Idaho or that its fleet of rolling stock as a whole has a situs in Idaho. The plain language of the statute required that the 'qualified investment' (that is, the property acquired) has a situs in Idaho."

## ANALYSIS

We are dealing with a credit to be applied against the tax liability income of two railroads doing business in Idaho. To begin our analysis of the issue on appeal, we look to the pertinent language of the statute we must interpret.[1] Idaho Code 63–3029B(1) allows for the investment tax credit, I.C. § 63–3029B(2) sets the maximum amount of that credit, and I.C. § 63–3029B(3) defines what kind of property is eligible for the credit. At issue in this case is the language of I.C. § 63–3029B(3)(c), which reads "has a situs in Idaho, *with situs allocation for rolling stock and moveable property to be determined according to section 63–3027, Idaho Code*" (emphasis added). Thus, in order to determine the exact meaning of subsection (3)(c), in the context of rolling stock and moveable property, we must turn to I.C. § 63–3027.

We have stated that I.C. § 63–3027 "contains rules for determining the portion of a

---

1. The pertinent language of I.C. § 63–3029B reads:

**63–3029B. Income tax credit for capital investment.**—(1) At the election of the taxpayer there shall be allowed, subject to the applicable limitations provided herein as a credit against the income tax imposed by chapter 30, title 63, Idaho Code, an amount equal to the sum of:

(a) the tax credit carry-overs; and

(b) the tax credit for the taxable year.

(2) The maximum allowable amount of the credit for the current taxable year shall be three percent (3%) of the amount of qualified investments made during the taxable year; and

(3) As used in this section "qualified investment" means certain depreciable property which:

(a) is eligible for the federal investment tax credit, as defined in sections 46(c) and 48 of the internal revenue code subject to the limitations provided for certain regulated companies in section 46(f) of the internal revenue code and is not purchased as replacement for existing property for reasons other than technical obsolescence and is not a motor vehicle under eight thousand (8,000) pounds gross weight;

(b) is acquired, constructed, reconstructed, erected or placed into service after December 31, 1981; and

(c) has a situs in Idaho, with situs allocation for rolling stock and moveable property to be determined according to section 63–3027, Idaho Code.

corporation's total income from a multi-state business which is attributable to this state and therefore subject to Idaho's income tax." *American Smelting & Ref. v. Idaho State Tax Comm'n*, 99 Idaho 924, 927, 592 P.2d 39, 42 (1979), *vacated*, 445 U.S. 939, 100 S.Ct. 1333, 63 L.Ed.2d 773 (1980) and *reinstated*, 102 Idaho 38, 624 P.2d 946 (1981). This lengthy section begins with "[t]he Idaho taxable income of any corporation with a business situs in this state shall be computed and taxed in accordance with the rules set forth in this section." However, our narrow focus is on that portion of I.C. § 63–3027 that provides for a way to determine situs allocation for rolling stock and moveable property.

Idaho Code § 63–3027(b) reads that "[a]ny taxpayer having income from business activity which is taxable both within and without this state shall *allocate and apportion* such net income as provided in this section" (emphasis added). Subsections (a), (c) through (h), and (s) and (t) of I.C. § 63–3027 do not provide a way to determine situs allocation for rolling stock and moveable property.

The pertinent language of I.C. § 63–3027, and that referred to in subsection (b), begins in subsection (i). This subsection reads:

> (i) All business income shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is three (3).

So, "[b]usiness income is apportioned according to a three factor formula," *American Smelting*, 99 Idaho at 927, 592 P.2d at 42, which could be expressed as follows:

$$\frac{\text{Property Factor} + \text{Payroll Factor} + \text{Sales Factor}}{3}$$

Subsection (j) defines the "property factor" as "a fraction, the numerator of which is the average value of the taxpayer's real and tangible personal property owned or rented and used in this state during the tax period and the denominator of which is the average value of all the taxpayer's real and tangible personal property owned or rented and used during the tax period." Subsection (k) dictates that if

the taxpayer owns the property, it is valued at its original cost, but if the taxpayer rents the property, it is valued at eight (8) times the net annual rental rate. Finally, subsection (*l*) sets the time period for determining the average value of property.

The "payroll factor" is defined in subsection (m) as "a fraction, the numerator of which is the total amount paid in this state during the tax period by the taxpayer for compensation, and the denominator of which is the total compensation paid everywhere during the tax period." Subsection (n) tells the reader when compensation is paid in Idaho.

Lastly, the "sales factor" is defined in subsection (*o*) as "a fraction, the numerator of which is the total sales of the taxpayer in this state during the tax period, and the denominator of which is the total sales of the taxpayer everywhere during the tax period." Subsection (p) identifies when sales of tangible personal property occur within Idaho, and subsection (q) does so for sales of other forms of property.

ISTC argues that the foregoing process does not apply, in the investment tax credit context, until it is first determined that the property in question had an actual, physical situs in Idaho during the tax year in question. The railroads argue that the specific language of the statute dictates that "for rolling stock and moveable property" the proper inquiry is to turn to the situs allocation rules found in I.C. § 63–3027.

The question, then, becomes one of statutory interpretation. For this question, we must begin by looking only to the language of the statute. If the language is itself clear, then it controls and no further analysis is needed. *State ex. rel. Haworth v. Berntsen*, 68 Idaho 539, 200 P.2d 1007 (1948).

The particular language of I.C. § 63–3029B in question, when read as a whole, is clear, *i.e.*, if a taxpayer wants to claim an investment tax credit for rolling stock and moveable property, that taxpayer has to turn to the situs allocation rules of I.C. § 63–3027 in order to determine the extent of that situs for the purpose of ultimately

arriving at a total tax credit. The language of the statute does not state that in order to claim an investment tax credit, a taxpayer must prove that the property was actually, physically present in the state during the year in question. To adopt the position of ISTC would be to read something into the language of I.C. § 63–3029B(3)(c) that does not appear in it as it is written. The interpretation urged by the Tax Commission is not reasonable.[2]

In following the clear language of the statute, we do recognize that while the term "allocation" appears in I.C. § 63–3029B(3)(c), it does not appear anywhere in the pertinent language of I.C. § 63–3027(i) through (o), as discussed above. Instead, the term "apportion" appears in the relevant language of I.C. § 63–3027. Clearly, "apportion" and "allocate" have two different meanings. We have stated that "apportioned income" is income "that cannot be specifically attributed to any one state so a formula is used to apportion or *divide* that income among the various states in which the taxpayer conducts business." *Union Pac. R.R. v. State Tax Comm'n*, 105 Idaho 471, 473, 670 P.2d 878, 880 (1983) (emphasis added). We have defined "allocated income" as that which can be *wholly attributed* to a specific jurisdiction." *Union Pac.*, 105 Idaho at 473, 670 P.2d at 880 (emphasis added).

Resolution of this discrepancy requires us to read the two tax statutes together to determine the legislative intent. *Barraclough v. State Tax Comm'n*, 75 Idaho 4, 11, 266 P.2d 371, 375 (1954). The starting point is the relevant clause of I.C. § 63–3029B(3)(c); to wit, "with situs allocation for rolling stock and moveable property to be determined according to section 63–3027, Idaho Code." This clause refers the reader to I.C. § 63–3027. Turning to I.C. § 63–3027, subsection (b) states that "[a]ny taxpayer having income from business activity which is taxable both within and without this state shall allocate and apportion such net income as provided in this section." An examination of "this section" reveals that subsections (i) through (o) are

**2.** *J.R. Simplot Co. v. State Tax Comm'n*, 120 Idaho 849, 820 P.2d 1206 (1991).

the pertinent subsections of the statute for the relevant clause of I.C. § 63–3029B(3)(c). However, nowhere in these subsections does the term "allocate" appear. The statute covers a spectrum, from the term "allocate" in I.C. § 63–3029B(3)(c), to the terms "allocate" and "apportion" in I.C. § 63–3027(b), and finally to the term "apportion" in I.C. § 63–3027(i) through (o). Reading these sections together, we can only conclude that the legislature intended that the relevant clause of I.C. § 63–3029B(3)(c) refer to *apportioning* situs for moveable property and rolling stock. Any other interpretation would render the investment tax credit, as it applies to movables and rolling stock, meaningless.

For the above reasons, the decision of the district court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Costs to appellants.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.