889 P.2d 79

**BURLINGTON NORTHERN, INC.,**
**Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION,**
**Defendant–Respondent.**

**UNION PACIFIC CORPORATION,**
**Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION,**
**Defendant–Respondent.**

No. 20427.

Supreme Court of Idaho,
Boise, Jan. 1994 Term.

Jan. 24, 1995.

Rehearing Denied Jan. 24, 1995.

Hawley, Troxell, Ennis & Hawley, Boise, for appellants. Richard G. Smith argued.

Larry EchoHawk, Atty. Gen., and William A. Von Tagen, Deputy Atty. Gen., Boise, for respondent. William A. Von Tagen argued.

## SUBSTITUTED OPINION

**THE COURT'S PRIOR OPINION DATED 08/12/94, IS HEREBY WITHDRAWN**

McDEVITT, Chief Justice.

### I

### BACKGROUND AND PRIOR PROCEEDINGS

This Court first heard an appeal in this matter in December 1991. In that case, Burlington Northern, Inc. and Union Pacific Corporation (Railroads) appealed the district court's affirmation of deficiency determinations issued by the Idaho State Tax Commission (Commission). *Burlington N. Inc. v. Tax Comm'n,* 121 Idaho 808, 828 P.2d 837 (1992) (*Burlington I* ). This Court reversed the district court, holding that the railroads need not prove that property was actually physically present in Idaho in order to qualify for the investment tax credit for rolling stock and movable property. *Id.* at 812, 828 P.2d at 841. Specifically, this Court held that:

> The particular language of I.C. § 63–3029B in question, when read as a whole, is clear, *i.e.,* if a taxpayer wants to claim an investment tax credit for rolling stock and

movable property, that taxpayer has to turn to the situs allocation rules of I.C. § 63–3027 in order to determine the extent of that situs for the purpose of ultimately arriving at a total tax credit.

*Id.* at 811–12, 828 P.2d at 840–41. The Railroads then petitioned for rehearing on the basis that the Supreme Court "apparently held that the apportionment would be calculated by use of not only the property factor, but also the 'payroll' factor and 'sales' factor found in I.C. § 63–3027(m) and (*o*), a position advocated by neither party." This Court denied the petition without opinion.

On remand, the Railroads and the Commission again filed motions for summary judgment. The Railroads asked the district court to hold that *Burlington I* does not direct that the three part formula in I.C. §§ 63–3027(i) through (*o*) should be used to calculate the amount of investment property eligible for the investment tax credit. The Commission contended that, under this Court's holding in *Burlington I*, the three part formula was the proper method to determine the Railroads' tax credits. Neither party submitted any additional affidavits or depositions in support of their motions. The only facts before the district court when ruling on the cross motions for summary judgment were those stipulated to by the Railroads and the Commission when *Burlington I* was first heard by that court.

The district court issued a memorandum and order denying the Railroads' motion, stating that "it appears that the Supreme Court intended the three factor formula described in its opinion be used in 'arriving at a total tax credit' for the tax years at issue." The Railroads appealed to the Supreme Court, claiming that the district court erred by holding that the three factor formula should be used to calculate the tax credits due for the tax years at issue.[1]

## II

## THE FORMULA PROVIDED IN I.C. § 63–3027 IS THE CORRECT BASIS FOR DETERMINING THE RAILROADS' TAX CREDITS

In *Burlington I*, this Court reversed the district court's holding that the Railroads were required to prove that specific rolling stock was physically present in Idaho during the years for which they sought tax credits. This Court held that, read together, I.C. §§ 63–3027 and 63–3029B(3)(c) provide that the basis upon which the situs of rolling stock is determined for the purpose of computing income tax credits is the three factor formula set out in I.C. §§ 63–3027(i) through (*o*). *Burlington I*, 121 Idaho at 812, 828 P.2d at 841. In order to qualify for an investment tax credit under I.C. § 63–3029B(3)(c), the subject of the credit must have situs in Idaho. I.C. § 63–3027 provides the basis for determining the amount of the Railroads' property with situs in Idaho. The district court was therefore correct in concluding that the situs allocation provisions of I.C. §§ 63–3027(i) through (*o*) were the proper basis for determining what property qualified for an investment tax credit.

The Railroads contend on appeal that I.C. § 63–3027(s)[2] provides the basis upon which the trial court should have rejected the three part formula provided in that statute. That section provides:

If the allocation and apportionment provisions of this section do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for or the state tax commission may require, in respect to all or part of the taxpayer's business activity, if reasonable:

(1) Separate accounting, provided that only that portion of general expenses

---

1. On April 2, 1992, the legislature approved an amendment to I.C. § 63–3029B which eliminated the requirement that situs allocation for rolling stock be determined according to I.C. § 63–3027. H.B. No. 836, 1992 Idaho Sess.Laws, ch. 153. The method for allocating situs is now specifically addressed in I.C. § 63–3029B(9)(a). Because this statute applies only to claims from tax years beginning on and after January 1, 1992, the tax credits claimed in the present case are not affected by this amendment.

2. This section, formerly numbered I.C. § 63–3027(r), was renumbered during the 1994 legislative session. H.B. No. 832, 1994 Idaho Sess. Laws Ch. 247. The text of this section remains unchanged.

clearly identifiable with Idaho business operations shall be allowed as a deduction;

(2) The exclusion of any one (1) or more of the factors;

(3) The inclusion of one (1) or more additional factors which will fairly represent the taxpayer's business activity in this state; or

(4) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income. I.C. § 63–3027(s). However, nothing in the record before the trial court, or this Court on appeal, establishes that "the allocation and apportionment provisions of this section do not fairly represent the extent of the taxpayer's business activity in this state," as required by I.C. § 63–3027(s).

■ On remand, the Railroads and the Commission moved the district court for summary judgment based on the absence of any genuine issues of material fact. All of the facts before the trial court were stipulated to by the parties. The record contains no contested issues of fact. When the record reveals no factual dispute, the Idaho Rules of Civil Procedure require that the trial court enter judgment as a matter of law. I.R.C.P. 56(c); *see also Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990). In such cases, this court reviews the trial court's application of the law *de novo*. *E.g., American Smelting v. Tax Comm'n*, 99 Idaho 924, 933, 592 P.2d 39, 48 (1979) (where facts are based on stipulation, review is based substantially on questions of law), *rev'd on other grounds, ASARCO v. Idaho State Tax Comm'n*, 458 US 307, 102 S.Ct. 3103, 73 L.Ed.2d 787 (1982).

The Idaho Income Tax Statute, as interpreted by this Court in *Burlington I*, provides that the method for determining what property qualifies for the investment tax credit is the three part formula set out in I.C. § 63–3027(i) through (*o* ). Although I.C. § 63–3027(s) allows application of a different formula if the Commission or the taxpayer shows that the three part formula does not accurately reflect the taxpayer's business in this state, the record in this case contains no such showing. The Railroads assert that no showing is required because Idaho Tax Commission Regulation 35.01.29B.k directs that the mobile property method be used to apportion the investment tax credit. The Commission's regulation does not supplant this Court's holding in *Burlington I*, that the situs allocation rules of I.C. § 63–3027 determine the apportionment of situs for the purpose of arriving at the total tax credit. See *J.R. Simplot Co. v. Tax Comm'n*, 120 Idaho 849, 853, 820 P.2d 1206, 1210 (1991) ("It is fundamental that the judiciary has the ultimate responsibility to construe legislative language to determine the law."). Similarly, the existence of such a regulation does not constitute a factual showing that the result derived by applying I.C. § 63–3027(i)–(*o* ) unfairly represents the actual business activities of the Railroads in this state.

The stipulation between the Railroads and the Commission contains no analysis of the allocation and apportionment provisions provided by I.C. § 63–3027. Construing all reasonable inferences in the record in favor of the Railroads, *Tingley v. Harrison*, 125 Idaho 86, 89, 867 P.2d 960, 963 (1994), the record contains no basis upon which the trial court could deny the Commission's motion.

The limited facts stipulated to by the parties contain nothing sufficient to raise an issue of fact as to whether the three part formula fairly represents the Railroads' activity in this state. We therefore conclude that it was proper for the district court deny the Railroads' motion for summary judgment and grant summary judgment in favor of the Commission.

### III

### CONCLUSION

The district court's order granting summary judgment to the Commission is affirmed, and the case remanded for further proceedings consistent with this opinion. Costs to respondent.

JOHNSON, J., and WOODLAND, J. Pro Tem, concur.

TROUT, Justice joined by BISTLINE,* Justice, specially concurring.

I write to point out that I concur in the majority's opinion only because I agree that no disputed facts were presented to the district judge. I am, however, troubled by this conclusion because I believe the railroad and the Tax Commission read more into the Court's decision in *Burlington Northern, Inc. v. Tax Comm'n,* 121 Idaho 808, 828 P.2d 837 (1992) (*Burlington I* ) than is there. They apparently read that opinion to say that the *only* proper method for calculating the amount of the investment tax credit is found in I.C. § 3027(i–*o* ), to the exclusion of (s). The question of the proper method of calculating the credit was not an issue before the Court in *Burlington I.* The only issue in that case was the appropriate way to determine situs allocation for the property on which the credit could be calculated.

As is evident from the record in this appeal, counsel for Burlington Northern was aware the Tax Commission was asserting that the three-factor test, rather than the moveable property method, was the only permissible way to calculate the tax credit. I agree that the railroad should have at that point presented some proof to the court to establish that the three-factor test did not "fairly represent the extent of the taxpayer's business activity in this state." Because no such proof was presented to the district court, I agree with the majority that there were no genuine issues of material fact; thus the district court was correct in entering a summary judgment against the railroad.

---

* *Justice Bistline participated fully in the decision of this case prior to his retirement on December 1, 1994.*