83 P.3d 116

**UNION PACIFIC CORPORATION
and affiliated companies,
Plaintiff–Appellant,**

v.

**IDAHO STATE TAX COMMISSION,
Defendant Respondent.**

No. 29219.

Supreme Court of Idaho,
Boise, December 2003 Term.

Jan. 5, 2004.

⊕~74.15

Hawley, Troxell, Ennis & Hawley, Boise, for appellant. Richard G. Smith argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Charles E. Zalesky argued.

BURDICK, Justice.

## NATURE OF THE CASE

This is a corporate income tax case. Union Pacific Corporation (UPC) is seeking reversal of the district court's decision upholding the application of alternative apportionment provisions of I.C. § 63–3027 to determine that portion of UPC's business income attributable to Idaho.

## FACTS AND PROCEDURAL BACKGROUND

UPC received a notice of deficiency from the Tax Commission for the tax years 1991, 1992, and 1993. UPC timely filed a protest of the proposed tax deficiencies, which were affirmed by the Commission in a decision dated June 3, 1997. UPC appealed the decision to the district court, which ruled in UPC's favor. The decision of the district court, which was appealed by the Commission, was reversed on appeal with the Court holding in relevant part that "including in the apportionment formula set forth in I.C. § 63–3027(i) both accounts receivable from freight sales and money received from the sale of those accounts receivable results in an apportionment that does not fairly represent how UPC earns its income." The Court remanded for the district court to consider an alter-

native apportionment formula. *Union Pacific Corporation v. Idaho State Tax Comm'n (UPC I)*, 136 Idaho 34, 28 P.3d 375 (2001).

The district court on remand determined to apply an alternative apportionment formula and to exclude from the sales factor denominator UPC's sales of accounts receivable. The sales factor is but one of three components of the formula found in the Uniform Division of Income for Tax Purposes Act ("UDITPA") to identify the share of a corporation's income apportioned to a state; it is a fraction, the numerator of which is the total sales by the taxpayer in Idaho during the tax period and the denominator of which is the taxpayer's total sales everywhere during the tax period.

The district court's decision specifically addressed the "double counting of revenues" that occurred by virtue of UPC's reporting, which included accounts receivable from freight sales under the accrual accounting method, and also included the sales of those same accounts receivable under the cash accounting method, thereby understating the taxpayer's instate revenues. The district court acknowledged that ordinarily, with the use of an accrual method of bookkeeping, UPC would have only one set of receipts in its sales factor—the accrued freight revenues. The district court found that deleting the proceeds of the receivable sales from the sales factor calculated by UPC was a "reasonable" alternative apportionment method, which more accurately represents UPC's Idaho business activity for the years in question.

The district court noted that in this case, the Tax Commission not the taxpayer was asking the court to sanction the application of an alternative apportionment formula, in order to prevent Idaho income from escaping proper taxation. The district court ruled that application of alternative apportionment was not limited to cases with unconstitutional results, cases which produce a "gross distortion" between the statutory calculation and the proposed alternative, or that it discriminates against interstate commerce or unfairly subjects UPC to double taxation, as UPC had argued. In spite of UPC's claim that the

sales of accounts receivable are not unusual, unique or nonrecurring, the district court held that the facts clearly established this to be an unusual fact situation, making it appropriate for alternative apportionment in that the statutory formula did not fairly represent UPC's Idaho activity. The district court entered partial summary judgment in favor of the Tax Commission and denied UPC's summary judgment motion. UPC has appealed from the judgment.

UPC claims on appeal that the sanctioning of an alternative apportionment was the result of the district court's improper application of the facts to the law, inadequate consideration of all three factors of the apportionment formula, and failure to evaluate whether the potential "understatement" from the use of the standard formula was in excess of a normal tolerance so as to justify deviation from that formula.

## STANDARD OF REVIEW

■ Where both parties file motions for summary judgment relying on the same facts, issues and theories, the judge, as trier of fact, may resolve conflicting inferences if the record reasonably supports the inferences. *Riverside Dev. Co. v. Ritchie,* 103 Idaho 515, 518–20, 650 P.2d 657, 661–62 (1982). This court exercises free review as to application of the law to the facts so found. *Marshall v. Blair,* 130 Idaho 675, 679, 946 P.2d 975, 979 (1997). All reasonable inferences are to be drawn in favor of the party opposing the summary judgment motion. *Union Pacific Corp. v. Idaho State Tax Comm'n,* 136 Idaho 34, 28 P.3d 375 (2001).

## DISCUSSION

### I.

■ Idaho Code Section 63–3027(s) (formerly subsection (r)) provides that the Tax Commission may require alternative apportionment (a) if the allocation and apportionment provisions of the statute do not fairly represent the extent of the taxpayer's business and (b) if the alternative apportionment is reasonable. Before the statutory apportionment can be rejected in favor of an alternative apportionment, either the Commission

or the taxpayer must show that the three-part formula does not accurately reflect the taxpayer's business in the State. *See* I.C. § 63–3027(s). The party asserting alternative apportionment bears the burden of showing that alternative apportionment is appropriate. *Burlington Northern, Inc. v. Idaho State Tax Comm'n,* 121 Idaho 808, 828 P.2d 837 (1992).

The "reasonableness" of the alternative apportionment proposed by the Commission was left to the district court to decide on remand. The Commission's alternative apportionment sought to exclude from the denominator of the sales factor, the sale of accounts receivable totaling approximately $2.0 billion per year, which increased the denominator and ultimately reduced the amount of tax owed by UPC to the State of Idaho. UPC argues that in *UPC I,* the Court affirmed that the receivables were "sales" within the meaning of I.C. § 63–3027, represented business income from outside the State and were therefore to be included in the denominator of the sales factor.

■ The doctrine of "law of the case," mandates that the rule of law necessary to the Court's decision in *UPC I* must be adhered to throughout the case's subsequent progress, both in the trial court and upon subsequent appeal. *See Suitts v. First Sec. Bank of Idaho,* 110 Idaho 15, 21, 713 P.2d 1374, 1380 (1985). Where the case is remanded to the trial court, the case "must be tried in light of and in consonance with the rules of law as announced by the appellate court in that particular case." *Creem v. Northwestern Mut. Fire Ass'n of Seattle, Wash.,* 58 Idaho 349, 352, 74 P.2d 702, 703 (1937). We are bound under the law of the case by the holding in *UPC I* that to include in the apportionment formula set forth in I.C. § 63–3027(i) both accounts receivable owing from freight sales and money received from the sale of those accounts receivable, as UPC has done, results in an apportionment that does not fairly represent how Union Pacific earns its income. *See id.* at 39, 28 P.2d at 380.

The district court on remand found that UPC had computed the sales factor by count-

ing the same income twice and that the double-counting was an "unusual fact situation" that justified avoidance of the statutory apportionment set forth in I.C. § 63–3027. Tax Commission Rule 27,4.18.a is the source of the "unusual fact situation" language, which UPC asserts was not met in this case. The Rule in effect in 1991 read, in relevant part, as follows:

> Section 63–3027(r) and Article IV.18 permit a departure from the allocation and apportionment provisions of Section 63–3027 and Article IV only in limited and specific cases. Section 63–3027 and Article IV.l8 may be invoked only in specific cases where unusual fact situations (which ordinarily will be unique and non-recurring) produce incongruous results under the apportionment and allocation provisions contained in Section 63–3027 and Article IV. . . .

■ UPC argues that the fact situation to be scrutinized is the underlying transaction—the sale of receivables—which is neither unique nor nonrecurring, not the reporting method *per se.* UPC contends that the reporting method of including freight sales accrued as income before being collected and again as cash proceeds upon the discounted sale of the receivables to a third party cannot be viewed as an "unusual fact situation," as contemplated by the Rule. The absence of evidence of an "unusual fact situation," argues UPC, precludes the alternative apportionment authorized by the statute. For the district court to find an "unusual fact situation" under Tax Commission Rule 27,4.18.a, argues UPC, would nullify the prior rulings of the Court and allow the Commission to make *ad hoc* decisions that certain reporting methods were "unusual" even where they are legally permitted.

UPC also suggests that "unusual fact situations" is ambiguous and argues that the parenthetical following that language cannot logically refer to a taxpayer's reporting method. However, UPC also argues that the obvious intent of the Rule is to address transactions and other fact situations that occur in a business that may give rise to items of taxable income. UPC posits that the sale of accounts receivable is a common business practice and as such cannot be construed as an unusual fact situation.

■ There is a very strong presumption in favor of the normal three-factor apportionment and against the applicability of the relief provisions. *Roger Dean Enterprises v. State,* 387 So.2d 358, 363 (Fla.1980). As stated by the New Hampshire Supreme Court:

> The alternative formula is the exception, and the party who wants to use an alternative formula accordingly has the burden of showing that the alternative is appropriate. Merely because the use of an alternative form of computation produces a higher business activity attributable to New Hampshire, is not in and of itself a sufficient reason for deviating from the legislatively mandated formula.

*St. Johnsbury Trucking Co., Inc. v. State of New Hampshire,* 118 N.H. 209, 385 A.2d 215, 217 (1978). The party asserting alternative apportionment—in this case, the Commission,—bears the burden of showing that the alternative apportionment is appropriate. *Burlington Northern, Inc. v. Idaho State Tax Comm'n supra,* 121 Idaho 808, 828 P.2d 837 (1992).

The district court determined that removing the proceeds from the sale of the accounts receivable from the sales factor denominator "is a reasonable alternative apportionment method and more accurately represents UPC's business activity for those years." The district court found support for its decision that the double-counting was an unusual fact situation in this Court's opinion in *UPC I,* which identified the two distinct accounting systems used in the reporting of the freight sales first under the accrual accounting method and again upon the sale of those accounts receivable under the cash accounting method, which distorts the apportionment of UPC's income.

Although a definition of "sales" is to be found in I.C. § 63–3027, which has been held to include the sale of accounts receivable, *see UPC I, supra,* the statute is silent with regard to accounting systems. The Court now holds that the mixing of the two accounting

systems to represent but one group of sales is the unusual fact situation that led to incongruous results in UPC's application of the standard formula.

In the words of the draftsman of the uniform act, William J. Pierce explaining the purpose of the relief clause:

> [I]t gives both the tax collection agency and the taxpayer some latitude for showing that for the particular business activity, some more equitable method of allocation and apportionment could be achieved. Of course, departures from the basic formula should be avoided except where reasonableness requires.

Pierce, *The Uniform Division of Income for State Tax Purpose*, 35 TAXES 747, 781 (1957). "Reasonableness" has been defined as being made up of three elements:

> (1) the division of income fairly represents business activity and if applied uniformly would result in taxation of no more or no less than 100 percent of the taxpayer's income; (2) the division of income does not create or foster lack of uniformity among UDITPA jurisdictions; and (3) the division of income reflects the economic reality of the business activity engaged in by the taxpayer in the taxing state.

*Twentieth Century Fox Film Corp. v. Dep't of Revenue*, 299 Or. 220, 700 P.2d 1035 (1985). The Court concludes that the apportionment urged by the Commission to delete the proceeds of the sale of the accounts receivable is a reasonable alternative. The Commission therefore has met its burden of showing the appropriateness of an alternative apportionment that is within its discretion to invoke under these circumstances.

## II.

Next, UPC argues that the district court failed to consider all three factors in determining whether the standard apportionment fairly represents the taxpayer's income. UPC asserts that the district court also failed to consider whether the "understatement" from the application of the standard formula exceeded a normal tolerance so as to justify the use of an alternative apportionment.

The three factors, sales, payroll and property, are used to balance each other, each reflecting a different type of contribution to the business activity and income of the unitary business as a whole. *In the Matter of the Appeal of Merrill, Lynch, Pierce, Fenner & Smith, Inc.* 1989 WL 95886 *3 (Cal.St.Bd.Eq.). Distortion in one factor, therefore, does not necessarily result in unfair reflection of the business activity in the state; the other two factors may well mitigate the distortive effect of the third, so that, ultimately, the taxpayer's business activity in the state is fairly represented through the combination of the three factors in the apportionment formula. *Id.* It is necessary to establish that the application of the three factors does not fairly represent business activity, not merely that one factor fails to meet this standard. *Twentieth Century–Fox Film Corporation v. Dep't of Revenue*, 700 P.2d at 1042. It must also be established that statutory apportionment does not adequately reflect business activity, not merely that it does not adequately reflect income earned in the state. *Id.*

The district court ruled that neither party had introduced any evidence that the other factors mitigated the sales factor's impact. We are satisfied that the district court looked at all three factors before determining that the problem rested exclusively in the sales factor. We hold that the rule does not alter the statute in any way but operates as an internal guideline for the Commission. Thus, in keeping with the statute and Rule 27, we agree with the Commission and the district court that this was a proper case for alternative apportionment. Lastly, the district court concluded that the result of the sales factor was a *per se* unfair representation of UPC's Idaho income. The district court's conclusion is nearly identical to this Court's holding in *UPC I*, which is the "law of the case" laid down by the appellate court that precludes multiple appellate review of the same issue in this case.

The final question raised by UPC is whether all three factors under the standard formula, operating together, represent such a distortion of the "true" or "actual" income attributable to Idaho that the alternative proposed by the Commission is justified. UPC

argues that although this consideration is a prerequisite to application of an alternative formula, it is absent from the district court's decision.

■ In the case at hand, the alternative apportionment does not depend upon the Commission's interpretation of statutory definitions but instead upon belief that the standard apportionment does not fairly and accurately reflect the income of the business done within the state. UPC urges the Court to accept the constitutional standard[1] from *Container Corp. v. Franchise Tax Bd.*, 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983) as the equivalent standard by which the use of an alternate apportionment formula is justified, and to subscribe to a comparison of the percentages attributable to the state between the methodology employed by the appellant and the methodology employed by the appellee toward identifying gross distortion sufficient to invoke alternative apportionment. In *Container Corp.*, the Court dealt with apportionment on the one hand and separate accounting that is disfavored under UDITPA, upholding the apportionment. The Court commented on the imperfection of the three-factor formula, while stating, "We have generally upheld the use of such formulas." *Id.* at 183, 103 S.Ct. 2933. The Court in dicta also stated that 14% difference was "a far cry from the more than 250% difference which led us to strike down the state tax in Hans Rees' Sons, Inc., and a figure certainly within the substantial margin of error inherent in any method of attributing income among the components of a unitary business." *Id.* at 184, 103 S.Ct. 2933.

"What must be shown is sufficient distortion that appellant's business activity in the state is not fairly reflected; simply advocating a better method than the standard formula is unavailing." *See Appeal of New York Football Giants, Inc.* (Opinion on Pet. Rhg., Cal. St. Bd. of Equal., June 28, 1979). In the words of the California State Board of Equalization:

> Even if it were appropriate merely to compare the standard apportionment formula with that computed by the FTB, an idea,

which we reject, the FTB has not shown that the difference between the numbers rises to the level of distortion such that appellant's business activity in California is unfairly reflected by the standard apportionment formula.

*In the Matter of the Appeal of Merrill, Lynch, Pierce, Fenner & Smith, Inc., supra* at *5.

■ To engraft a gross distortion requirement onto the application of an alternative apportionment would be to add to I.C. § 63–3027(s), which we are wont to do. When the meaning of a statute is clear, the statute is to be read literally, neither adding nor taking away anything by judicial construction. *Marmon v. Marmon*, 121 Idaho 480, 825 P.2d 1136 (Ct.App.1992). No one has argued that the Tax Commission's alternative apportionment overtaxes UPC. What is clear, however, is that UPC's reporting system, which overstates sales, was to be used every year hence, the long-term consequence of which would be an inaccurate reflection of UPC's sales in Idaho and income from sales escaping taxation. The district court properly exercised its discretion in adopting the Commission's alternative apportionment.

## CONCLUSION

We affirm the district court's determination that the alternative apportionment submitted by the Commission is reasonable. Law of the case precludes relitigation of whether the standard apportionment fairly represents the business activity in the State of Idaho. This standard is reaffirmed, and there is no basis for requiring a showing of gross distortion from a comparison of the standard apportionment and the alternative being proposed.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.

---

1. A formula apportioning the income of a business within and without the State "must, under both the Due Process and Commerce Clauses, be

fair." *Container Corp., supra* at 169, 103 S.Ct. 2933.