697 P.2d 1161

**HECLA MINING COMPANY, a Washington corporation, Plaintiff-Respondent,**

v.

**IDAHO STATE TAX COMMISSION, Defendant-Appellant.**

No. 15185.

Supreme Court of Idaho.

March 5, 1985.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Stephen James Lord, Deputy Atty. Gen., Boise, for defendant-appellant.

Robert M. Turnbow and Joseph Henry Uberuaga, II of Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, Gary C. Randall, Spokane, Wash., Michael B. White, Wallace, for plaintiff-respondent.

DONALDSON, Chief Justice.

The facts in this case are not in dispute. Enacted in 1935, the Mine License Tax Act, I.C. § 47–1201 (1984) (hereafter MLTA) imposes a license tax on the privilege of mining in Idaho. In the years at issue, the license tax was 3% of the value of the ore extracted. Certain costs, deductions and expenses are allowed as deductions from the gross receipts for the calendar year. These deductions include, among others, a deduction for federal taxes paid or accrued.

Hecla Mining Company (Hecla) is a Washington corporation which operates primarily in northern Idaho. When Hecla filed its mine license tax returns for the years 1966 through 1972 it claimed deductions for federal income taxes paid or accrued. No action was taken by the Tax Commission on the returns. Then, on September 15, 1977 and February 28, 1978, pursuant to I.C. § 63–3068, Hecla notified the Idaho State Tax Commission that final adjustments were made by the Internal Revenue Service to Hecla's federal income tax returns for the years 1966 through 1972, inclusive.

The bulk of the adjustments were made because Hecla's federal income tax liability in the relevant years had decreased, largely due to net operating loss (NOL) carry backs. Federal income taxes paid or accrued were, for these years, allowed as a deduction in determining the net ore value upon which the mine license tax was imposed. On March 6, 1978, within one year after the date of notice of the IRS adjustments, the Tax Commission issued Notices of Deficiency for mine license taxes to correspond to the adjustments which the IRS had made for federal income tax purposes. Since the federal tax amount decreased, the Tax Commission took the position that the mine license tax deduction for federal taxes paid or accrued should decrease correspondingly. The Tax Commission determined that the net ore value was greater for the years 1966–1972, thus creating a mine license tax deficiency for that period. The deficiency or refund amounts were as follows:

| Year | Additional Tax Refund | Interest | Deficiency or (Refund) |
|---|---|---|---|
| 1966 | $ 284.00 | $ 207.00 | $ 491.00 |
| 1967 | 25,850.00 | 16,802.00 | 42,652.00 |
| 1968 | 37,410.00 | 21,634.00 | 59,044.00 |
| 1969 | 42,505.00 | 22,030.00 | 64,535.00 |
| 1970 | (5,566.00) | (2,551.00) | (8,117.00) |
| 1971 | (2,425.00) | (965.00) | (3,390.00) |
| 1972 | 21.00 | 7.00 | 28.00 |
| Total Net Deficiency Amount: | | | $155,243.00 |

Hecla timely protested the deficiency determination. After administrative re-determination proceedings, the Tax Commission rendered a decision affirming the deficien-

cy determination and denying the relief requested by Hecla's protest. Hecla then sought judicial review in the First Judicial District Court of Shoshone County.

The Tax Commission moved to dismiss and Hecla moved for summary judgment. The trial court granted Hecla's motion holding that the three-year statute of limitations contained in I.C. § 5–218(1)[1] barred the Tax Commission from imposing on Hecla additional mine license taxes for 1966–1972. This appeal followed.

The threshold issue in deciding Hecla's mine license tax liability is whether the Tax Commission's deficiency determinations are barred by a statute of limitations. A brief history of the MLTA is helpful in understanding this issue. As originally enacted, the language of the MLTA was identical to the then existing statute dealing with valuation of mining properties for property tax purposes. 1935 Idaho Sess.Laws (Extraordinary Session) ch. 65, p. 182, now codified at Title 63, ch. 28, I.C. In 1941, the legislature made several changes in the MLTA one of which was the incorporation of a small portion of the Idaho Income Tax Act (hereafter IITA) (I.C. § 63–3001 et seq. (1976)). Those sections of the IITA which were incorporated dealt with various deductions allowable in arriving at net ore value. One of the deductions allowed was for federal income taxes paid or accrued.

From 1941 until 1969 the MLTA remained practically unchanged. The sole enforcement provision of the MLTA during this time was I.C. § 47–1207. That section allowed the state to sue for payment of the tax. There was no statute of limitations incorporated into the MLTA. Therefore, the statute of limitations applicable to suits brought under I.C. § 47–1207 was the general statute of limitations found in I.C. § 5–218(1) which requires that suits be brought within three years from the imposition of liability, i.e., the date the mine license tax was due.

In 1969, the MLTA was again amended to include additional provisions of the IITA. I.C. § 47–1207 was replaced with I.C. § 47–1208 which incorporated a number of administrative enforcement and collection procedures from the IITA. Pursuant to it, the state had three remedies for the collection of mine license taxes: suit in district court, lien foreclosure, or levy or distraint proceedings. I.C. § 47–1208 was further amended in 1972 and again in 1977.[2] The 1977 amendment incorporated I.C. § 63–3068, the statute of limitations of the IITA, into the MLTA, making it expressly retroactive to January 1, 1977.

The district court found and Hecla contends that I.C. § 5–218 is the statute of limitations applicable to this case. The Tax Commission insists that I.C. § 63–3068 is the statute of limitations applicable to this case. We agree with the Tax Commission.

I.C. § 63–3068 provides in pertinent part:

"(c) When taxable income for any year has been adjusted by federal internal revenue action or by voluntary action on the part of the taxpayer, and no corresponding adjustment has been reported by the taxpayer to the state of Idaho, the limitation upon assessment shall be one

---

1. I.C. § 5–218 provides in pertinent part:
   "5–218. Statutory liabilities, trespass, trover, replevin, and fraud.—Within three (3) years:
   "1. An action upon a liability created by statute, other than a penalty or forfeiture...."

2. I.C. § 47–1208 as amended in 1977 provided in pertinent part:
   "47–1208. Tax Deficiency Collection And Enforcement Procedures. The deficiency in tax and notice of deficiency as well as the collection and enforcement procedures provided by the Idaho income tax act, sections 63–3038, 63–3039, 63–3040, 63–3042 through 63–3065A, 63–3068, 63–3071, 63–3075 and 63–3078, Idaho Code, shall apply and be available to the state tax commission for enforcement of the provisions of this act and the assessment and collection of any amounts due. Said sections shall for this purpose be considered a part of this act and wherever liens or any other proceedings are defined as income tax liens or proceedings they shall, when applied in enforcement or collection under this act, be described as a license tax for the privilege of mining lien or proceeding.

(1) year from the delivery by the taxpayer to the state tax commission of notice of final determination thereof together with copies of schedules supplied the taxpayer by the Internal Revenue Service. All items of income and deduction which were adjusted in the federal determination and all allocations and apportionments shall be subject to adjustment for Idaho tax purposes."

The statute was made effective on January 1, 1977. On September 15, 1977 and February 15, 1978, pursuant to I.C. § 63–3068, Hecla gave notice of final federal adjustments to its taxable income for the years 1966–1972. On March 6, 1978, the Tax Commission issued notices of deficiency to Hecla for mine license taxes due to correspond with the federal adjustments made. Thus, the Tax Commission's deficiency determinations were within one year of Hecla's notice and are therefore not barred by a statute of limitations.

Hecla argues that I.C. § 5–218 was the statute of limitations applicable to actions by the Tax Commission to collect mine license taxes. Hecla insists that the three-year period imposed by I.C. § 5–218 began to run on July 1 of each year following the tax year. Hecla thus concludes that the three-year period has long run for all of the years at issue. It is Hecla's position that I.C. § 63–3068 could not revive a cause of action already barred, and therefore, I.C. § 63–3068 cannot apply to Hecla's 1966–72 mine license tax returns.

■ Hecla's argument is incorrect for two reasons. First, there is no general right to repose in tax matters. "The shelter of a statute of limitations has never been regarded as a fundamental right, and the lapse of a statute of limitations does not endow a citizen with a vested property right in immunity from suit." *Starks v. S.E. Rykoff & Co.*, 673 F.2d 1106, 1109 (9th Cir.1982). "Where a lapse of time has not invested a party with title to real or personal property, a state legislature may extend a lapsed statute of limitations without violating the fourteenth amendment, regardless of whether the effect is seen as creating or reviving a barred claim." *Id.* These propositions are true because statutes of limitation involve matters of remedy, not destruction of rights. *Cf. Mitchell v. Agents of State*, 105 Idaho 419, 423, 670 P.2d 520 (1983). Assuming, but not deciding, that I.C. § 5–218 did apply to the administrative collection and enforcement procedures of I.C. § 47–1208, Hecla's notice to the Tax Commission pursuant to I.C. § 63–3068 validly revived the State's claim. Hecla's notice re-opened the period for the assessment of additional mine license taxes.

Second, we approved the same application of the one-year extension in *Union Pac. R. Co. v. State Tax Com'n.*, 105 Idaho 471, 472, 670 P.2d 878, 879 (1983). There, Union Pacific had properly filed its 1942 tax returns. At the time, the statute of limitations applicable to such returns was three years. 1931 Idaho Sess.Laws (Extraordinary Session) ch. 2, p. 6. Then, in 1959, the Idaho Income Tax Act was reformed. I.C. § 63–3068 was enacted which continued the three-year statute of limitations and provided a one-year extension beyond final federal adjustments. Union Pacific's final federal adjustments were not complete until 1977. Pursuant to I.C. § 63–3068, Union Pacific gave notice to the Tax Commission of the adjustments. Within one year, the Tax Commission assessed a deficiency against Union Pacific's 1942 return. We upheld the assessment stating "[s]uch a notice reopens for one year the statute of limitations both for assessment of additional state taxes and for claiming refund of taxes." *Union Pac. R. Co. v. State Tax Com'n., supra* at 472, 670 P.2d 878.

■ Since we hold that the Tax Commission's deficiency determinations are not barred by a statute of limitations, we must determine whether the Tax Commission applied the federal adjustments to the proper mine license tax years. I.C. § 63–3068(c) provides "[a]ll items of income and deduction which were adjusted in the federal determination and all allocations and apportionments shall be subject to adjustment

for Idaho tax purposes." One of the deductions allowed under the MLTA is "taxes paid or accrued within the taxable year." I.C. § 47–1202. The district court held and the respondent contends that federal tax adjustments should be considered as accrued, refunded or paid within the taxable year in which the adjustments were made, instead of within the year under examination. The Tax Commission insists that federal adjustments relate to the year under examination.

 We agree with the Tax Commission for the following reasons. First, statutory tax exemptions should be strictly construed against the taxpayer. *Ada County Assessor v. Office Partnership*, 102 Idaho 103, 104, 625 P.2d 1106, 1107 (1981). Under Hecla's reading of the statutes, Hecla gets a double benefit. Hecla initially overpays federal income taxes and therefore benefits from an incorrectly high deduction for federal income taxes paid. This reduces Hecla's mine license tax. Later, the federal adjustments are made and Hecla gets a refund for those federal taxes it had earlier claimed it paid. However, Hecla never has to account for the refund under the mine license tax. This is because the mine license tax is based solely on the value of the ore extracted. The refund Hecla eventually receives for the overpaid federal income taxes is not part of the value of the ore extracted. A strict reading of the statute, *i.e.*, one that would close such a loophole, would provide that if the amount of federal taxes paid subsequently decreases, the earlier mine license tax deductions for federal taxes should correspondingly decrease.

Second, it is incumbent upon a court to give a statute an interpretation that will not render it a nullity. *Magnuson v. Idaho State Tax Commission*, 97 Idaho 917, 920, 556 P.2d 1197, 2000 (1976). Here, the district court concluded that federal tax adjustments should apply to the mine license tax on a "cash" basis and thus a refund or debt due is reportable in the year the adjustment is made. If that were the case, however, there would be no need for the one-year extension of I.C. § 63–3068. By providing an extended statute of limitations, the legislature must have intended the adjustments to relate back to the years under examination. Accordingly, we hold that for mine license tax purposes, final federal adjustments relate to the years under examination. Therefore, the decision of the district court is reversed and the cause remanded for entry of judgment in favor of the Tax Commission.

Costs to appellant.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.