# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41017-2013

DEBRA A. PETERSON,

    Plaintiff-Respondent,

v.

MYRON G. PETERSON,

    Defendant,

and

STATE OF IDAHO, Department of Health and Welfare, Child Support Services,

    Intervenor-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2014 Term

2014 Opinion No. 28

Filed: March 18, 2014

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Molly J. Huskey, District Judge, and the Hon. Dayo O. Onanubosi, Magistrate Judge.

The order of the district court is <u>reversed</u>.

Michael S. Keim, Deputy Attorney General, Boise, argued for appellant.

Peter W. Guyon, Salt Lake City, Utah, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Canyon County from an appellate judgment of the district court reversing the order of the magistrate court which granted a motion to renew a judgment for child support. We reverse the district court's holding that the motion to renew the judgment was barred by the statute of limitations.

## I.
## Factual Background.

On October 3, 1985, a decree of divorce was entered terminating the marriage of Debra A. Peterson and Myron G. Peterson. The decree awarded physical custody of the parties' children to Ms. Peterson and ordered Mr. Peterson to pay child support. By order entered on January 12, 1998, the decree was amended to change physical custody of one of the children to Mr. Peterson and to order Ms. Peterson to pay child support for that child until the child reached the age of nineteen years, finished high school, or was emancipated, whichever happened first. The child was emancipated in April 2002.

In 1988, Idaho Code section 5-245 was enacted to provide a statute of limitations for an action or proceeding to collect child support arrearages. Ch. 199, § 1, 1988 Idaho Sess. Laws 378, 378. The statute provided that any such action or proceeding must be commenced within five years after the child died or reached the age of majority, whichever occurred first. *Id.*

In 1978, the legislature had enacted Idaho Code section 10-1111, which provided for the renewal of a judgment, Ch. 115, § 1, 1978 Idaho Sess. Laws 266, 266, but in 1995 that statute was amended to exclude judgments for child support from being renewed, Ch. 264, § 3, 1995 Idaho Sess. Laws 846, 847. The effective date of that amendment was July 1, 1995. I.C. § 67-510.

The last child of Mr. and Ms. Peterson was emancipated in April 2002 when he attained the age of majority. Thus, under the existing law at that time, the judgment for child support could not be renewed and any action or proceeding to collect unpaid child support arrearages must have been commenced by April 2007.

In 2011, Idaho Code section 10-1111 was amended by Senate Bill No. 1103 to provide for the renewal of judgments for child support. The amendment added the following provision:

> (2) Unless the judgment has been satisfied, and prior to the expiration of the lien created in section 10-1110, Idaho Code, or any renewal thereof, a court that has entered a judgment for child support may, upon motion, renew such judgment. The renewed judgment may be enforced in the same manner as the original judgment, and the lien established thereby shall continue for ten (10) years from the date of the renewed judgment.

Ch. 104, § 3, 2011 Idaho Sess. Laws 267, 268.

Thus, the 2011 amendment provided that a judgment for child support could be renewed, and it set the time limit for doing so as being the expiration of the judgment lien created by Idaho Code section 10-1110. Senate Bill No. 103 amended that statute to provide:

A lien arising from the delinquency of a payment due under a judgment for support of a child issued by an Idaho court continues until five (5) years after the death or emancipation of the last child for whom support is owed under the judgment unless the underlying judgment is renewed, is previously satisfied or the enforcement of the judgment is stayed upon an appeal as provided by law.

Ch. 104, § 2, 2011 Idaho Sess. Laws 267, 268.1

On August 10, 2011, the Bureau of Child Support of the State of Idaho Department of Health and Welfare filed a motion to renew the judgment against Ms. Peterson for unpaid child support pursuant to the provisions of Senate Bill No. 1103. In a supporting affidavit, an employee of the Department averred that as of August 1, 2011, the sum of $7,125.01 in unpaid child support was due from Ms. Peterson.

Section 5 of the bill included a retroactivity clause which provided:

An emergency existing therefor, which emergency is hereby declared to exist, this act shall be in full force and effect on and after its passage and approval, and retroactively to July 1, 1995, and shall apply to all orders currently being enforced by the Idaho Department of Health and Welfare Child Support Program such that any Idaho judgment for child support that would otherwise have expired since July 1, 1995, may be renewed on or before December 30, 2011.

Ch. 104, § 5, 2011 Idaho Sess. Laws 267, 268-69, as amended by Ch. 331, § 1, 2011 Idaho Sess. Laws 968, 968.

On December 12, 2011, Ms. Peterson filed a motion to dismiss or, in the alternative, for summary judgment. First, she contended that even if the 2011 amendments to Idaho Code sections 10-1110 and 10-1111 were retroactive to July 1, 1995, the motion to renew the judgment was untimely. Under the 2011 amendment to section 10-1110, the lien for support "due under a judgment for support of *a child* issued by an Idaho court continues until five (5) years after the death or emancipation of the last child for whom support is owed under the judgment expires five years after the death or emancipation of the *last child* for whom support is owed." Ch. 104, § 2, 2011 Idaho Sess. Laws 267, 268 (emphases added). The last child of Mr. and Ms. Peterson was emancipated in April 2002. Therefore, the lien provided in Idaho Code

---

[1] Senate Bill No. 1103 also amended the statute of limitations in Idaho Code section 5-245, but the amendment to that section is not relevant to this appeal. The statute of limitations was mentioned only to show that it had expired before this proceeding was commenced.

section 10-1110 as amended in 2011 expired in April 2007. Because a motion to renew a judgment for child support under the 2011 amendment to Idaho Code section 10-1111 must be filed before the expiration of the lien, the time for filing the motion to renew also expired in April 2007.

The second argument made by Ms. Peterson was that the right to assert the statute of limitations as a defense was a vested right and that any claim barred by the then-applicable statute of limitations could not be revived by subsequent legislation. Existing rights could not be taken away by subsequent legislation.

The Department countered that its right to renew the judgment was not based upon the 2011 amendments to Idaho Code section 10-1110 and 10-1111. It was based upon the last clause in section 5 of Senate Bill No. 1103, which states that "this act . . . shall apply to all orders currently being enforced by the Idaho Department of Health and Welfare Child Support Program such that any Idaho judgment for child support that would otherwise have expired since July 1, 1995, may be renewed on or before December 30, 2011." Ch. 104, § 5, 2011 Idaho Sess. Laws 267, 268-69, as amended by Ch. 331, § 1, 2011 Idaho Sess. Laws 968, 968. The Department contended that this clause provided a basis for renewing the judgment that was independent of the three statutes amended by Senate Bill No. 1103.

The magistrate judge granted the Department's motion and ordered that a judgment should issue against Ms. Peterson in the sum of $7,125.01 in accordance with Idaho Code section 10-1111 as amended in 2011, and the magistrate denied Ms. Peterson's motion for summary judgment. Ms. Peterson appealed to the district court.

When Senate Bill No. 1103 was compiled in the Idaho Code, section 5 was not included as being part of the three statutes amended. Rather, it was included as an annotation to those statutes under the heading of Statutory Notes and the subheading of Effective Dates. I.C. §§ 5-245, 10-1110, 10-1111 (Supp. 2013). The district court held that section 5 did not apply because that portion of the legislation was merely legislative history, which was not to be consulted unless the statutes were ambiguous, which they were not. The district court therefore reversed the order of the magistrate renewing the judgment. The Department then timely appealed to this court.

## II.

4

**Standard of Review.**

"In an appeal from a judgment of the district court acting in its appellate capacity over a case appealed to it from the magistrate court, we review the judgment of the district court.  We exercise free review over the issues of law decided by the district court to determine whether it correctly stated and applied the applicable law." *State Dep't of Health and Welfare v. Slane*, 155 Idaho 274, 277, 311 P.3d 286, 289 (2013) (citations omitted).

**III.**
**Did the District Court Err in Holding that the Effective Date Clause Was of No Effect?**

Article IV, section 10, of the Idaho Constitution states how bills enacted by the legislature become law.  It provides that bills passed by the legislature become laws if they are signed by the governor within five days (excluding Sundays) of being presented to him; passed by a two-thirds vote of each house after a gubernatorial veto; or not returned to the legislature by the governor within five days (excluding Sundays) after being presented to him when the legislature has not prevented such return by adjourning.  Art. IV, § 10, Idaho Constitution.  When Senate Bill No. 1103 was passed by the legislature and then signed by the governor on April 14, 2011, it became a law.  *Id*.  The entire bill became a law regardless of how it was compiled in the Idaho Code.

Article IV, section 1, of the Idaho Constitution provides that the executive officers listed, which includes the secretary of state, "shall perform such duties as are prescribed by this Constitution and as may be prescribed by law."  The secretary of state is charged with the custody of "all acts and resolutions passed by the legislature."  I.C. § 67-901(1).  At the close of each legislative session, the secretary of the senate and the chief clerk of the house of representatives compile and certify true and correct copies of all bills and their amendments that were printed in their respective houses, and they file the copies of such printed bills and amendments with the secretary of state.  I.C. § 67-902.  "The secretary of state shall retain the custody of such printed bills and amendments thereto and the same shall constitute official records of the state of Idaho."  *Id*.  "All general laws enacted at any session of the legislature shall be printed in a volume known as the Session Laws."  I.C. § 67-904(1).  Immediately after the session laws are printed, they are delivered to the secretary of state for distribution and sale.  I.C. § 67-906.

Early in the last century, the legislature twice enacted a published compilation of statutes as being the statutory law of Idaho and repealed any statutes not contained in that compilation. In 1907, the legislature provided for the appointment of a person who would be a code commissioner and would be authorized "to revise, codify and compile the laws, civil, political and criminal, and the laws of civil procedure, and to revise, arrange, simply and consolidate the statutes of Idaho which shall be in force at the time such commissioner shall make his final report." Sec. 1, 1907 Idaho Sess. Laws 178, 178-79. In 1909, at the next session of the legislature, the legislature enacted the resulting two-volume set as the general laws of the state of Idaho, and it repealed all other laws not contained therein. House Bill No. 1, 1909 Idaho Sess. Laws 3, 3. In 1917, the legislature provided for the appointment of a code commissioner to make another compilation of the civil, political, and criminal laws and the laws of civil procedure, Ch. 78, § 1, 1917 Idaho Sess. Laws 241, 241, and at the next legislative session in 1919 it enacted the resulting four-volume set as the general laws of the state of Idaho and repealed all laws not contained therein, Ch. 2, 1919 Idaho Sess. Laws 4, 4. Obviously, when a set of codes was enacted by the legislature as the general laws of the state of Idaho at the beginning of the legislative session, it would no longer contain all of the current statutes after the statutes that were repealed, amended, or enacted during the session took effect.

However, all other compilations of statutes, including the current Idaho Code, were merely declared to be evidence of the statutes of Idaho. In 1899, the legislature provided for the appointment of a code commission that was authorized to codify the laws and "to revise, simplify, arrange, and consolidate the Statutes of the State of Idaho, which shall be in force at the time such commission shall make its final report." Sec. 1, 1899 Idaho Sess. Laws 342, 342-43. In 1901, it provided for the appointment of another code commission to continue the work of the 1899 code commission by updating subsequent changes in the statutory law and providing annotations to the decisions of this Court. Secs. 1, 2, 1901 Idaho Sess. Laws 57, 57-58. The bill also provided that the codes printed and published pursuant to the act "shall be received in all courts in this State, *as prima facie evidence* of all the general laws of the State of Idaho existing and in operation at the date of their publication." Sec. 8, 1901 Idaho Sess. Laws 57, 59 (emphasis added). In 1919, the legislature authorized the clerk of the supreme court to update the 1919 code, and the legislature provided that such compilation "shall be received by all courts and judges thereof, and all public officers, and in all proceedings in all departments of the state

6

government, and all subdivisions thereof, *as evidence of* the statute law of the state of Idaho." Ch. 63, § 1, 1919 Idaho Sess. Laws 197, 197-98 (emphasis added). In 1931 the legislature authorized the governor, the secretary of state, and a justice to make another compilation of the codes and statutes of Idaho, and the legislature again provided that such compilation would be "*evidence of* the statute law of the State of Idaho." Ch. 213, §§ 1 & 5, 1931 Idaho Sess. Laws 415, 415 & 417 (emphasis added). In 1933, the legislature adopted the resulting four-volume set as "the authorized compilation of the statutes and codes of the State of Idaho," but it did not enact them or repeal all statutes not included in the compilation. Ch. 1, § 1, 1933 Idaho Sess. Laws 3, 3. In 1943, the legislature created a "1943 Code Commission" consisting of the governor, a justice, and the president of the Idaho State Bar to "compile, annotate and publish the codes and statutes of the State of Idaho." Ch. 103, § 1, 1943 Idaho Sess. Laws 199, 199-200. That enactment also provided that upon certification by the governor that the compilation was completed and published, that compilation was to be received "*as evidence of* the statute law of the State of Idaho, and as an authorized compilation of the statutes and codes of Idaho." Ch. 103, § 6, 1943 Idaho Sess. Laws 199, 202 (emphasis added).

In 1947, the legislature created the "1947 Idaho Code Commission" to consist of three members of the Idaho State Bar who were not holders of any public office or position, were actively engaged in the practice of law, and were to be appointed by the governor from a list of seven qualified persons whose names were submitted by the board of commissioners of the state bar. Ch. 224, § 1, 1947 Idaho Sess. Laws 541, 543. The commission was "empowered, directed and authorized to cause to be edited, compiled, annotated, printed, bound (including provision for insertion of pocket supplements) and published the existing codes and statutes of the State of Idaho of permanent and general nature, including enactments of the Twenty-Ninth regular session of the Legislature." *Id.* Like the prior compilations, upon completion, publication, and approval of the compilation by the commission and a proclamation by the governor announcing its publication, the compilation was to be received "*as evidence of* the statute law of the State of Idaho." Ch. 224, § 7, 1947 Idaho Sess. Laws 541, 546 (emphasis added).

The 1947 legislation provided that the compilation completed by the 1947 Idaho Code Commission would be known "by such name as the Commission shall determine." Ch. 224, § 7, 1947 Idaho Sess. Laws. 541, 545. The Commission named the publication it produced the Idaho Code. In 1949, the legislature adopted that as the official name, Ch. 167, § 2, 1949 Idaho Sess.

7

Laws 355, 356, and it created a "continuing code commission" to keep the Idaho Code current without the necessity of forming a commission to compile the statutes from time to time, Ch. 167, §§ 1, 3, 1949 Idaho Sess. Laws 355, 356-57. The legislation authorized the "publication of pocket parts to the volumes of the Idaho Code, or as necessary the republication of single or more volumes, or the addition of volumes, or by other devised designed and intended to maintain the Idaho Code up to date." Ch. 167, § 1, 1949 Idaho Sess. Laws 355, 356. The 1949 legislation provided that "the 'Idaho Code' published pursuant to Session Laws of 1947, Chapter 224, shall be received in all courts and by all justices, judges, public officers, commission and departments of the state government and all others *as evidence of* the general laws of Idaho then existing and in force and effect." Ch. 167, § 9, 1949 Idaho Sess. Laws 355, 359 (emphasis added). That wording has remained. I.C. § 73-209 (2006).

The Idaho Code is a compilation of laws enacted by the legislature; it is not a codification in the sense that the legislature has enacted the contents of the current version of the Idaho Code as the laws of Idaho. "The present Idaho Code is a compilation of laws, evidentiary, but not a codification thereof." *Golconda Lead Mines v. Neill*, 82 Idaho 96, 102, 350 P.2d 221, 224 (1960).

Thus, the compilation of statutes in the Idaho Code is merely evidence of the laws enacted by the legislature as set forth in the session laws. The Idaho Code is not the law. The code commission has no legislative authority. The code commission compiled section 5 of Senate Bill No. 1103 as an annotation to Idaho Code sections 5-245, 10-1110, 10-1111 under the heading of Statutory Notes and the subheading of Effective Dates. That placement of that section of the bill was of no legal effect. This should not be construed as being a criticism of the placement. We are only stating that the placement does not alter the fact that section 5 of Senate Bill No. 1103 is part of a statute enacted by the legislature and approved by the governor, and it is therefore part of the statutory law of Idaho. The district court erred in holding that section 5 of Senate Bill No. 1103 was of no effect.


### IV.
### Did the District Court Err in Holding that the Judgment Could Not Be Renewed?

Section 5 of Senate Bill No. 1103 provides:

An emergency existing therefor, which emergency is hereby declared to exist, this act shall be in full force and effect on and after its passage and approval, and retroactively to July 1, 1995, and shall apply to all orders currently being enforced by the Idaho Department of Health and Welfare Child Support Program such that any Idaho judgment for child support that would otherwise have expired since July 1, 1995, may be renewed on or before December 30, 2011.

Ch. 104, § 5, 2011 Idaho Sess. Laws 267, 268-69, as amended by Ch. 331, § 1, 2011 Idaho Sess. Laws 968, 968.

The first clause states, "An emergency existing therefor, which emergency is hereby declared to exist, this act shall be in full force and effect on and after its passage and approval, and retroactively to July 1, 1995 . . . ." The second clause states that the act "shall apply to all orders currently being enforced by the Idaho Department of Health and Welfare Child Support Program such that any Idaho judgment for child support that would otherwise have expired since July 1, 1995, may be renewed on or before December 30, 2011."

"When determining the plain meaning of a statute, 'effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant.'" *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 897, 265 P.3d 502, 510 (2011). The second clause would be superfluous and redundant unless it meant something other than the first clause. The second clause is limited to "all orders currently being enforced by the Idaho Department of Health and Welfare Child Support Program." It does not apply to the enforcement of other orders for child support, as would the first clause. It also states that with respect to the orders currently being enforced by the Department, "any Idaho judgment for child support that would otherwise have expired since July 1, 1995, may be renewed on or before December 30, 2011." Giving effect to all of the words in section 5, the second clause provides a basis for renewing judgments for child support that were currently being enforced by the Department which is independent of Idaho Code section 10-1110 and 10-1111 as amended. There is no contention that the judgment at issue in this case was not currently being enforced by the Department when the legislation took effect.

Ms. Peterson argues that the judgment of the district court can be upheld on the ground that section 5 of Senate Bill No. 1103 would impair a vested right. Ms. Peterson asks us to follow the decision of the Utah Supreme Court in *Roark v. Crabtree*, 893 P.2d 1058 (Utah 1995), which held that the defense of an expired statute of limitations is a vested right which could not

be impaired or affected by subsequent legislation extending the limitation period. We adopted a contrary rule in *Hecla Min. Co. v. Idaho State Tax Comm'n*, 108 Idaho 147, 697 P.2d 1161 (1985), wherein we stated:

> "The shelter of a statute of limitations has never been regarded as a fundamental right, and the lapse of a statute of limitations does not endow a citizen with a vested property right in immunity from suit." "Where a lapse of time has not invested a party with title to real or personal property, a state legislature may extend a lapsed statute of limitations without violating the fourteenth amendment, regardless of whether the effect is seen as creating or reviving a barred claim." These propositions are true because statutes of limitation involve matters of remedy, not destruction of rights.

*Id*. at 150, 697 P.2d at 1164 (citations omitted). Thus, no vested rights of Ms. Peterson were impaired by the provision in section 5 of Senate Bill No. 1103 allowing the Department to renew the judgment for child support in this case even though the statute of limitations for collecting arrearages under that judgment would have expired prior to the 2011 legislation.

## V.
## Conclusion.

We reverse the judgment of the district court, and we award costs on appeal to appellant. We remand this case to the district court for entry of a judgment on appeal affirming the order of the magistrate court.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**